THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICKEY E. GRIFFIN, Defendant-Appellant.

Fourth District No. 4—00—0237

Opinion filed April 26, 2001.

Charles M. Schiedel and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten and Robert J. Biderman, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In July 1999, defendant, Rickey E. Griffin, pleaded guilty to driving while his license was revoked (DWR) (subsequent offense felony) (625 ILCS 5/6—303(d) (West 1998)), and the trial court sentenced him to six years in prison. The court also ordered him to pay a $200 reimbursement fee for the services of the public defender pursuant to section 113—3.1 of the Code of Criminal Procedure of 1963 (Procedural Code) (725 ILCS 5/113—3.1 (West 1998)).

In December 1999, defendant filed a document entitled "petition for relief from judgment," which the trial court treated as a postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 through 122—8 (West 1998)). The court subsequently dismissed defendant's petition, finding that it was frivolous and patently without merit. 725 ILCS 5/122—2.1(2) (West 1998).

Defendant appeals, arguing only that the trial court erred by ordering him to pay the $200 reimbursement fee without first conducting a hearing to determine his ability to pay. We affirm.

## I. BACKGROUND

In October 1998, defendant was indicted on the DWR charge, and the trial court appointed the public defender to represent him. The court also then entered an "initial reimbursement order for court-appointed counsel," requiring defendant to pay an initial sum of $200 in $20 monthly installments. Defendant posted a cash bond and secured his release from custody. In February 1999, defendant made a $20 payment pursuant to the reimbursement order.

In July 1999, defendant pleaded guilty to DWR and to two other unrelated charges in exchange for the State's dismissing three other unrelated charges. The trial court sentenced defendant to six years in prison pursuant to the plea agreement and deducted the remaining $180 defendant owed pursuant to the reimbursement order from defendant's cash bond.

In December 1999, defendant filed his postconviction petition, alleging that the DWR charge to which he pleaded guilty, a Class 4 felony, was unconstitutionally enhanced by Public Act 88—680 (Pub. Act 88—680, art. 20, § 20—900, eff. January 1, 1995 (1994 Ill. Laws 2750, 2771-72)). Specifically, defendant contended that Public Act 88—680 violated the single-subject rule of the 1970 Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). That act contained a provision amending section 6—303(d) of the Illinois Vehicle Code (Vehicle Code) (625

ILCS 5/6—303(d) (West Supp. 1993)) by providing that a person convicted of a second or subsequent DWR commits a Class 4 felony if the original revocation or suspension was for a statutory summary suspension. See Pub. Act 88—680, art. 20, § 20—900, eff. January 1, 1995 (1994 Ill. Laws 2772)). In *People v. Cervantes*, 189 Ill. 2d 80, 98, 723 N.E.2d 265, 274 (1999), the supreme court voided Public Act 88—680, also known as the "Safe Neighborhoods Law."

In January 2000, the trial court dismissed defendant's petition, noting that defendant was charged and convicted under an enhancement provision of section 6—303(d) of the Vehicle Code that existed prior to the enactment of Public Act 88—680. See 625 ILCS 5/6—303(d) (West Supp. 1993) (making a second or subsequent DWR conviction a Class 4 felony if the original revocation or suspension was for a violation of section 11—401 or 11—501 of the Vehicle Code (625 ILCS 5/11—401 (West 1992); 625 ILCS 5/11—501 (West Supp. 1993))). The court therefore determined that defendant had not suffered an increase in penalty pursuant to an unconstitutional statute.

In February 2000, defendant filed a petition to reconsider. In neither defendant's initial postconviction petition nor in his petition to reconsider did he challenge the $200 reimbursement order. The trial court later denied the petition to reconsider, and this appeal followed.

## II. ANALYSIS

Defendant's sole argument on appeal is that the trial court erred by entering the $200 reimbursement order without first conducting a hearing to determine his ability to pay. 725 ILCS 5/113—3.1(a) (West 1998); see *People v. Love*, 177 Ill. 2d 550, 563, 687 N.E.2d 32, 38 (1997). In response, the State contends that defendant has forfeited any issue concerning the reimbursement order by not raising the matter until this appeal from the court's denial of his postconviction petition. We agree with the State.

In *People v. Haynes*, 192 Ill. 2d 437, 464, 737 N.E.2d 169, 184 (2000), the supreme court discussed proceedings under the Act as follows:

> "The [Act] provides a mechanism by which criminal defendants can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution, the Illinois Constitution, or both. See 725 ILCS 5/122—1 (West 1994). An action for post-conviction relief is a collateral proceeding, not an appeal from the underlying conviction and sentence. [Citations.] In order to be entitled to post-conviction relief, *a defendant must establish a substantial deprivation of federal or state constitutional rights in the proceedings that produced the judgment being challenged.*" (Emphasis added.)

Nothing in *Love* changes established precedent regarding the Act. *Love* involved a defendant who raised the appropriateness of her reimbursement order on direct appeal, and the supreme court concluded that the trial court proceedings did not comply with the statutory requirements of section 113—3.1 of the Procedural Code (725 ILCS 5/113—3.1 (West 1998)). *Love*, 177 Ill. 2d at 563, 687 N.E.2d at 38. The supreme court held that section 113—3.1 of the Procedural Code required the trial court to (1) conduct a hearing into a defendant's financial circumstances, and (2) find an ability to pay before the court ordered the defendant to pay reimbursement for appointed counsel. *Love*, 177 Ill. 2d at 563, 687 N.E.2d at 38. Although the supreme court indicated that the legislature may have included this provision in the statute because of constitutional concerns (*Love*, 177 Ill. 2d at 558-59, 687 N.E.2d at 36), the court did not state that a trial court's failure to comply with the procedural requirements of section 113—3.1 of the Procedural Code constituted a violation of either the Illinois Constitution or the United States Constitution.

This latter point is significant because, as the supreme court pointed out in *Haynes*, the Act exists to permit defendants to file post-conviction petitions to establish "a substantial deprivation of federal or state constitutional rights." *Haynes*, 192 Ill. 2d at 464, 737 N.E.2d at 184. A trial court's failure to comply with the provisions of section 113—3.1 of the Procedural Code violates Illinois *statutory* law but does not constitute *any* "deprivation of federal or state constitutional rights," much less a "substantial" one.

Further, *Haynes* also explained that a defendant must not only establish a substantial deprivation of federal or state constitutional rights, but that the deprivation occurred "in the proceedings that produced the judgment being challenged." *Haynes*, 192 Ill. 2d at 464, 737 N.E.2d at 184. The judgment being challenged, within the contemplation of the Act, is the judgment of conviction or sentence by means of which the defendant stands convicted and is either imprisoned or sitting on death row. Simply put, $200 reimbursement orders, like the one at issue in this case, are not cognizable under the Act because they are the result of ancillary proceedings.

Although not necessary to our resolution of this case, we note an additional infirmity in defendant's appeal. Defendant purports to raise the constitutionality of the $200 reimbursement order for the first time in his appeal from the trial court's dismissal of his postconviction petition. Defendant does not cite, nor are we aware of, any case in which the Act has been construed as permitting a defendant to raise on appeal from the dismissal of a postconviction petition an issue he never raised in that petition. This court will not be the first to so hold.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH and KNECHT, JJ., concur.