THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD BATES, Defendant-Appellant.

Fourth District   No. 4—88—0233

Opinion filed February 9, 1989.

Dan Kirwan and Edwin J. Anderson, both of State Appellate Defender's. Office, of Mt. Vernon, for appellant.

Charles Colburn, State's Attorney, of Jacksonville (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

This is an appeal from an order granting the State's motion to dismiss defendant's amended petition under the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*).

After a jury trial in May 1979, defendant was found guilty of the offenses of attempt (murder), armed robbery, and aggravated battery. He was thereafter sentenced to consecutive terms of 30 years' imprisonment for attempt (murder) and 15 years' imprisonment for armed robbery.

In his direct appeal, defendant questioned the propriety of the prosecutor's closing argument and the cross-examination of defendant; argued he was denied effective assistance of counsel due to counsel's failure to file a post-trial motion; challenged the imposition of consecutive sentences for attempt (murder) and armed robbery as based on the same offense and as improperly imposed where the court did not make use of the maximum terms available with concurrent sentencing; and argued his conviction for aggravated battery, upon which no sentence was imposed, must be vacated because it resulted from the same conduct as the greater offense of attempt (murder). This court affirmed the convictions and sentences for attempt

(murder) and armed robbery, but reversed the conviction for aggravated battery and vacated the judgment on that conviction. *People v. Bates* (1980), 80 Ill. App. 3d 1207 (order under Supreme Court Rule 23), *appeal denied* (1980), 81 Ill. 2d 594, 414 N.E.2d 271.

Defendant initiated post-conviction proceedings in March 1987, and the public defender of Morgan County was appointed to represent him, with leave granted to amend the petition. The amended petition argued defendant's constitutional rights were substantially denied during the course of trial, alleging (1) defendant was denied effective assistance of counsel where counsel failed to advise him he had a right to substitution of judge, during trial made no timely objections, and also failed to exercise defendant's right of cross-examination, suppress in-court identification of defendant, file a post-trial motion to vacate the judgment, failed to advise defendant he could be sentenced to consecutive sentences if convicted, or challenge the manner in which potential jurors were selected; (2) the jury selected was chosen from a list of registered voters and systematically eliminated blacks; (3) defendant was denied effective representation on his direct appeal where counsel indicated a transcript of *voir dire* would be appended to the record and additional argument made on jury selection but none was forthcoming; and (4) pretrial publicity was so excessive defendant was unable to receive a fair trial and his motion for change of venue should have been granted. The petition was supported by an affidavit by defendant attesting that the matters contained therein were true. After hearing arguments of counsel, the trial judge granted the State's motion to dismiss.

On appeal, defendant does not argue error in the dismissal of the petition as to any ground stated therein. Rather, the single issue raised on appeal is whether defendant's mittimus must be amended so he may receive credit for 121 days, rather than 119 days, of credit for time spent in custody on these offenses prior to entry of sentence. The arrest card and presentence investigation report show defendant was arrested on February 11, 1979, and was sentenced on June 11, 1979, a period encompassing 121 days. Defendant relies on *People v. Scheib* (1979), 76 Ill. 2d 244, 250, 390 N.E.2d 872, 875, where, in referring to section 5—8—7(b) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—7(b)), the court stated, "This section applies, generally, whenever a sentence of imprisonment is imposed and it *requires* that credit be given for all time spent in custody for the same offense." (Emphasis in original.) Accordingly, defendant maintains the failure of the attorneys involved in the direct appeal or counsel in the post-conviction proceed-

ings to raise any issue regarding the additional two days of sentence credit has substantially prejudiced him and amounts to ineffective assistance of counsel, citing *People v. Allen* (1986), 151 Ill. App. 3d 391, 502 N.E.2d 1260. Alternatively, defendant argues if his claim has not been properly preserved or is not of constitutional dimension, this court should consider the issue in the interests of an orderly administration of justice and remand his case for a determination of the correct number of days' credit for time served on the theory that the mittimus may be corrected at any time, citing *People v. Scott* (1969), 43 Ill. 2d 135, 251 N.E.2d 190, *People v. Anderson* (1950), 407 Ill. 2d 503, 95 N.E.2d 366, and *People v. Miles* (1983), 117 Ill. App. 3d 257, 453 N.E.2d 68.

The State argues that, although defendant's calculation of sentence credit appears to be correct, he is not entitled to relief under the Act, and further, this issue has been waived as it was not included in the post-conviction petition, raised on direct appeal, or called to the trial court's attention by objection at sentencing. We agree.

First, as the supreme court stated in *People v. French* (1970), 46 Ill. 2d 104, 107-08, 262 N.E.2d 901, 904, *cert. denied* (1971), 400 U.S. 1024, 27 L. Ed. 2d 636, 91 S. Ct. 590:

"Defendant's contention that his court-appointed attorney on appeal in the appellate court was incompetent was not raised in the original or amended petition at the post-conviction hearing. Section 122—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 122—3[)] states: 'Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.' "

(Accord *People v. Brouhard* (1972), 53 Ill. 2d 109, 114, 290 N.E.2d 206, 209; *People v. Baker* (1982), 92 Ill. 2d 85, 95, 440 N.E.2d 856, 861.) Second, our supreme court has consistently held that where an appeal was taken from a conviction, the judgment of the reviewing court is *res judicata* as to all issues actually raised, and those that could have been raised but were not are deemed waived. See *People v. Jones* (1985), 109 Ill. 2d 19, 24, 485 N.E.2d 363, 365, *cert. denied* (1986), 475 U.S. 1090, 89 L. Ed. 2d 735, 106 S. Ct. 1481.

On the merits, the State argues the error is not of such constitutional magnitude to be cognizable under the Act and, moreover, is so *de minimis* that counsel cannot be branded ineffective under the sixth amendment. (See *People v. Gaines* (1985), 105 Ill. 2d 79, 92-94, 473 N.E.2d 868, 875-76, *cert. denied* (1985), 471 U.S. 1131, 86 L. Ed. 2d 282, 105 S. Ct. 2666.) The Act was signed to afford to the

convicted an opportunity to inquire into the constitutional integrity of the proceedings in which the judgment was entered. (*People v. Pier* (1972), 51 Ill. 2d 96, 98, 281 N.E.2d 289, 290.) In proceedings under the Act, the petitioner has the burden of proof and must show he has been deprived of a substantial constitutional right before he is entitled to any relief. (*Gaines*, 105 Ill. 2d at 97, 473 N.E.2d at 877.) So section 122—1 expressly requires a defendant to assert "there was a substantial denial of his rights under the Constitution"; and section 122—2 that the petition "clearly set forth the respects in which petitioner's constitutional rights were violated." Ill. Rev. Stat. 1987, ch. 38, pars. 122—1, 122—2.

We conclude the issue is not of constitutional stature. (*Baker*, 92 Ill. 2d at 95, 440 N.E.2d at 861, citing *People v. Seidler* (1974), 18 Ill. App. 3d 705, 310 N.E.2d 421; see also *People v. Rife* (1974), 18 Ill. App. 3d 602, 610, 310 N.E.2d 179, 185-86, *appeal denied* (1974), 56 Ill. 2d 590; *People v. Null* (1973), 13 Ill. App. 3d 60, 299 N.E.2d 792.) Sentence credit for time served prior to the entry of sentence is a statutory right (see Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7(b) (formerly Ill. Rev. Stat. 1971, ch. 38, par. 119—3, succeeding Ill. Rev. Stat. 1961, ch. 38, pars. 754b, 803b); see Ill. Ann. Stat., ch. 38, par. 119—3, Committee Comments, at 41 (Smith-Hurd 1964)) and is subject to waiver where it could have been raised in the trial court or on direct appeal but was not. See generally Annot., *Right to Credit for Time Spent in Custody Prior to Trial or Sentence*, 77 A.L.R.3d 182 (1977).

For these reasons we affirm the judgment of the circuit court of Morgan County.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.