THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT D. LINWOOD, Defendant-Appellant.

Third District   No. 3—92—0392

Opinion filed April 13, 1993.

Edwin J. Anderson, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

The defendant, Robert D. Linwood, was convicted of armed violence, unlawful use of weapons by a felon, and unlawful possession of a controlled substance (720 ILCS 5/33A—2, 24—1.1, 570/402 (West 1992)). The court found that the controlled substance conviction merged with the armed violence charge. The defendant was subsequently sentenced to 15 years' imprisonment for armed violence and a concurrent extended 10-year term of imprisonment for unlawful use of weapons.

The sole issue on appeal is whether the court erred in imposing an extended term for unlawful use of weapons by a felon.

The record shows that the defendant did not object to the extended-term sentence at the sentencing hearing, nor did he raise the issue in a motion to reduce sentence. As a result, the State argues that the defendant has waived any objection to the sentence.

An extended-term sentence may only be imposed for the most serious class of offenses for which the defendant was convicted. (730 ILCS 5/5—8—2(a) (West 1992); *People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569.) Moreover, when a sentence greater than that permitted by statute is imposed, the excess portion of that sentence is void. (*People v. Mapps* (1990), 198 Ill. App. 3d 521, 555 N.E.2d 1275.) A void judgment may be attacked at any time. *People v. Perruquet* (1989), 181 Ill. App. 3d 660, 537 N.E.2d 351.

In the instant case, the defendant was convicted of Class X armed violence and Class 3 unlawful use of weapons by a felon (720 ILCS 5/24—1.1(d), 33A—3 (West 1992)). Since unlawful use of weapons is the less serious offense, he should not have received an extended term on that count. Moreover, since the excess part of the sentence is void, the error was not waived. Accordingly, we reduce the sentence for unlawful use of weapons to a concurrent term of five years' imprisonment. See *People v. Phillips* (1987), 159 Ill. App. 3d 483, 511 N.E.2d 1193.

The judgment of the circuit court of Peoria County is reversed in part and otherwise affirmed.

Affirmed in part and reversed in part.

McCUSKEY, P.J., and STOUDER, J., concur.