THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERNEST THOMPSON, Defendant-Appellant.

Fourth District   No. 4—00—0349

Opinion filed January 8, 2003.

Daniel D. Yuhas and Martin J. Ryan, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

In August 1999, defendant, Ernest Thompson, pleaded guilty to aggravated battery (720 ILCS 5/12—4(b)(11) (West 1998)) and violation of an order of protection (720 ILCS 5/12—30(a) (West 1998)). On September 7, 1999, the trial court sentenced defendant to concurrent extended terms of nine years for aggravated battery and six years for violation of an order of protection.

Defendant filed a pro se motion to withdraw guilty plea, which motion he later withdrew. He filed no direct appeal. Instead, on February 10, 2000, defendant filed papers with the trial court which the court construed as a motion to withdraw guilty plea. The trial court denied the motion, finding it lacked jurisdiction to entertain the motion. On February 15, 2000, defendant filed a petition to withdraw guilty plea and vacate sentence. Once again, on February 21, 2000, the trial court denied the motion finding it lacked jurisdiction to entertain the motion.

On February 28, 2000, defendant filed a pro se postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 through 122—8 (West 2000)). The petition alleged his plea was involuntary and in violation of the plea agreement. He also alleged he was unconstitutionally deprived of a lawyer and was the victim of other unspecified unconstitutional violations. The trial court dismissed the petition as frivolous and patently without merit.

Defendant appeals, arguing (1) the trial court improperly entered

an extended-term sentence for violation of an order of protection and that sentence is void; (2) the extended-term sentences imposed by the trial court based on his prior convictions violated *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000); and (3) Public Act 83—942 (Pub. Act. 83—942, eff. November 23, 1983 (1983 Ill. Laws 6200)), amending the Act to allow dismissal of petitions prior to the appointment of counsel, violated the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). We affirm.

■ Defendant argues, first, his extended-term sentence for violation of an order of protection is improper and void because, when a defendant has been convicted of multiple offenses of differing classes, an extended-term sentence may only be imposed for the conviction within the most serious class. 730 ILCS 5/5—8—2(a) (West 1998); *People v. Jordan*, 103 Ill. 2d 192, 206, 469 N.E.2d 569, 575 (1984). Aggravated battery is a Class 3 felony (720 ILCS 5/12—4(e) (West 1998)) and violating an order of protection with a prior violation is a Class 4 felony (720 ILCS 5/12—30(d) (West 1998)). Thus, he contends the extended-term sentence for *violating an order of protection* was unauthorized according to section 5—8—2(a) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—8—2(a) (West 1998)) and is void. The maximum nonextended-term sentence for a Class 4 felony violation of an order of protection is three years (730 ILCS 5/5—8—1(a)(7) (West 1998)), and he asserts his sentence should be reduced to three years.

The State has not contested defendant's assertions that his six-year extended-term sentence for violation of an order of protection is void. However, we find this issue is not a matter of substantial deprivation of constitutional rights cognizable in postconviction proceedings *and* defendant has forfeited the issue by not raising it until this appeal from the court's denial of his postconviction petition.

The Post-Conviction Hearing Act exists to permit defendants to file postconviction petitions to establish "a substantial deprivation of federal or state constitutional rights." *People v. Haynes*, 192 Ill. 2d 437, 464, 737 N.E.2d 169, 184 (2000). The Post-Conviction Hearing Act is not a catchall or screening device to evaluate and correct any and all mistakes that may have occurred in the trial court. Further, because the extended term on the aggravated battery is proper, a ruling in defendant's favor on this issue would not change his punishment. The issue raised by defendant (that only the greater class offense may include an extended-term sentence) involves a matter created by statute. We have consistently held such issues are not of constitutional magnitude and, thus, not subject to scrutiny under the Post-Conviction Hearing Act. See *People v. Griffin*, 321 Ill. App. 3d

425, 428, 748 N.E.2d 1235, 1238 (2001); *People v. Guerrero*, 311 Ill. App. 3d 968, 970, 725 N.E.2d 783, 784-85 (2000); *People v. Bates*, 179 Ill. App. 3d 705, 708-09, 534 N.E.2d 1019, 1021 (1989).

Additionally, defendant's objection to his sentence was not presented previously, either in a motion to reconsider sentence, in a direct appeal, or in his postconviction petition. Statutory rights are subject to waiver where they could have been raised in the trial court or on direct appeal but were not. *Bates*, 179 Ill. App. 3d at 709, 534 N.E.2d at 1021. Further, defendant's contention of error, even if it was of constitutional magnitude, is forfeited. As we have previously stated, "[d]efendant does not cite, nor are we aware of, any case in which the [Post-Conviction Hearing Act] has been construed as permitting a defendant to raise on appeal from the dismissal of a postconviction petition an issue he never raised in that petition. This court will not be the first to so hold." *Griffin*, 321 Ill. App. 3d at 428, 748 N.E.2d at 1238.

■ Defendant next argues the extended-term sentences imposed by the trial court in accordance with section 5—5—3.2(b)(1) of the Unified Code (730 ILCS 5/5—5—3.2(b)(1) (West 1998)) violated the provisions of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), because the charging instrument did not include the element that his prior record was sufficient to make him eligible for an extended-term sentence and his prior record was not proved at trial beyond a reasonable doubt.

Defendant's contention must be rejected for three reasons. First, in *People v. Helton*, 321 Ill. App. 3d 420, 424, 749 N.E.2d 1007, 1010 (2001), this court held that *Apprendi* issues cannot be raised retroactively on collateral review. Second, an *Apprendi* challenge to extended-term sentencing has been found to be waived on the basis of a defendant's voluntary guilty plea. *People v. Jackson*, 199 Ill. 2d 286, 295, 769 N.E.2d 21, 26 (2002).

Finally, on the merits, defendant concedes the *Apprendi* Court explicitly recognized prior convictions constitute an exception to the general rule that facts that increase a sentence beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 476, 147 L. Ed. 2d at 446, 120 S. Ct. at 2355. However, he contends because the *Apprendi* Court called into question whether its prior decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998) (in which the Court upheld a federal law allowing a judge to impose an enhanced sentence based on prior convictions not alleged in the indictment), was correctly decided, we should conclude *Apprendi* requires prior convictions be charged, submitted to a jury and proved beyond a

reasonable doubt and hold section 5—5—3.2(b)(1) of the Unified Code is unconstitutional. We decline.

Defendant acknowledges this court has rejected these same contentions in *People v. Dillard*, 319 Ill. App. 3d 102, 109, 745 N.E.2d 185, 191 (2001), and *People v. Garry*, 323 Ill. App. 3d 292, 300-01, 752 N.E.2d 1244, 1250-51 (2001). We adhere to our holdings in *Garry* and *Dillard* and reject defendant's contention *Apprendi* renders section 5—5—3.2(b)(1) unconstitutional.

■ Defendant's final argument on appeal is that Public Act 83—942, which amended the Post-Conviction Hearing Act to allow dismissal of petitions prior to the appointment of counsel, violated the single subject rule of the Illinois Constitution. This court has rejected this argument in *People v. Dorris*, 319 Ill. App. 3d 579, 585, 746 N.E.2d 303, 307 (2001), and *People v. Jones*, 318 Ill. App. 3d 1189, 1193, 744 N.E.2d 344, 348 (2001).

We affirm the trial court's judgment.

Affirmed.

TURNER and STEIGMANN, JJ., concur.