THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MILTON MUNTANER, Defendant-Appellant.

Second District No. 2—01—1109

Opinion filed June 11, 2003.

888

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Stephen E. Norris and T. David Purcell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

Pursuant to a partially negotiated guilty plea, defendant, Milton Muntaner, was convicted of murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a)(1)) and attempted murder (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4(a), 9—1(a)(1)) and sentenced to concurrent extended terms of 50 years' imprisonment. He appealed, arguing that (1) the trial court misconstrued his postsentencing motion, (2) the trial court violated his constitutional rights when it denied him a hearing on the motion, and (3) his sentences were excessive. This court affirmed defendant's convictions and sentences. *People v. Muntaner*, No. 2—86—1006 (1987) (unpublished order under Supreme Court Rule 23). Almost 13 years later, defendant petitioned the trial court for postconviction relief, arguing that his extended-term sentences violated *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The trial court dismissed the petition, finding that *Apprendi* could not be applied retroactively on collateral review. In reaching this conclusion,

the trial court mentioned that defendant's petition was not filed timely. Defendant now appeals the dismissal of his petition, arguing that his extended-term sentences violated *Apprendi*. Defendant also argues for the first time on appeal that his extended-term sentence for attempted murder cannot stand because an extended-term sentence may be imposed only for his most serious offense, which is murder. For the reasons that follow, we affirm as modified.

■ The first issue defendant raises on appeal is whether his 50-year extended-term sentences must be vacated because they violated *Apprendi*. The State argues that this court is precluded from addressing this issue because it was raised in an untimely petition and because it is waived.

Our supreme court has held that *Apprendi* does not apply retroactively to cases on collateral review. *People v. De La Paz*, 204 Ill. 2d 426, 439 (2003). We are bound by this decision. Consequently, a determination of whether defendant's petition was untimely or whether this issue is waived is moot. See *People v. McGee*, 328 Ill. App. 3d 930, 936 (2002) (timeliness of petition was moot because *Apprendi* did not apply retroactively to case on collateral review).

The second issue defendant raises on appeal is whether his sentence for attempted murder must be reduced because an extended-term sentence may be imposed only for his most serious offense, which is murder. The State argues that this issue is waived because defendant never raised it in a postsentencing motion, on direct appeal, or in his postconviction petition.

In resolving this issue, we find *People v. Arna*, 168 Ill. 2d 107 (1995), instructive. In *Arna*, the defendant was sentenced to concurrent terms of 30 and 45 years' imprisonment. *Arna*, 168 Ill. 2d at 111. On appeal to the appellate court, the court *sua sponte* determined that the trial court erred when it imposed concurrent sentences because consecutive sentences were mandatory under section 5—8—4(a) of the Unified Code of Corrections (730 ILCS 5/5—8—4(a) (West 1992)). *Arna*, 168 Ill. 2d at 111. Our supreme court agreed, noting that the concurrent sentences were void and, thus, the appellate court could correct the sentences at any time. *Arna*, 168 Ill. 2d at 112-13.

■ An extended-term sentence may be imposed only for the most serious offense of which the defendant is convicted. 730 ILCS 5/5—8—2(a) (West 2000); *People v. Pittman*, 316 Ill. App. 3d 245, 253 (2000). When a sentence greater than that authorized by statute is imposed, the excess portion of that sentence is void and may be attacked at any time. *People v. Linwood*, 243 Ill. App. 3d 744, 745 (1993). Thus, in contrast to the State's position, the issue is not waived.

At the relevant time, murder, a separate class of felony, carried an

extended-term sentence between 40 and 80 years, and attempted murder, a Class X felony, carried an extended-term sentence between 30 to 60 years. Ill. Rev. Stat. 1985, ch. 38, pars. 8—4(c)(1), 1005—5—1(b)(1), 1005—8—2(a)(1), (a)(2). The nonextended term for attempted murder was between 6 and 30 years. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(3).

■ Here, defendant's extended-term sentence for attempted murder was improper because it was not the most serious offense of which he was convicted. Thus, consistent with *Pittman* and *Linwood*, we must reduce the excess portion of defendant's extended-term sentence for attempted murder to the maximum allowable term of 30 years' imprisonment, which is to run concurrently with defendant's extended term of 50 years' imprisonment for murder. *Pittman*, 316 Ill. App. 3d at 253; *Linwood*, 243 Ill. App. 3d at 745.

In reaching our conclusion that defendant's sentence for attempted murder must be reduced, we note that the Fourth District has addressed this issue in a case that is factually similar. See *People v. Thompson*, 335 Ill. App. 3d 1027 (2003). In *Thompson*, the defendant was convicted of aggravated battery and violating an order of protection, and he was sentenced to concurrent extended terms of nine and six years' imprisonment. *Thompson*, 335 Ill. App. 3d at 1028. The defendant argued that his six-year extended-term sentence for violation of an order of protection was improper and void because, when multiple sentences are imposed, the trial court may impose an extended-term sentence only for the most serious offense. The appellate court denied this claim on three bases.

First, the court noted that a reduction for the less serious offense, *i.e.*, violation of the order of protection, would not affect defendant's ultimate punishment because the sentence for aggravated battery was proper. *Thompson*, 335 Ill. App. 3d at 1029. Thus, because the two sentences were to run concurrently, defendant would still be incarcerated for potentially nine years regardless of whether the court reduced his six-year sentence. Second, the appellate court determined that extended-term sentences were statutorily created. *Thompson*, 335 Ill. App. 3d at 1029. The Fourth District consistently has held that statutorily created matters are not of constitutional magnitude, and, therefore, they are not subject to scrutiny under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2000)). *Thompson*, 335 Ill. App. 3d at 1029. Third, the appellate court concluded that the issue was waived because it was not raised in a postsentencing motion, the direct appeal, or a postconviction petition. *Thompson*, 335 Ill. App. 3d at 1030.

We disagree with the Fourth District. The statute specifically

provides, without limitation, that an extended-term sentence may be imposed only for the most serious offense of which the defendant is convicted. See 730 ILCS 5/5—8—2(a) (West 2000). Also, although imposition of an improper extended-term sentence may not be recognizable under the Act, that does not mean that this court may not review such a sentence. As noted previously, the excess portion of defendant's sentence is void and may be attacked at any time. *Arna*, 168 Ill. 2d at 112-13; *Linwood*, 243 Ill. App. 3d at 745. The Fourth District never mentioned *Arna* in its analysis. Lastly, we conclude that waiver does not apply here because a void order is not subject to waiver. *Linwood*, 243 Ill. App. 3d at 745.

For these reasons, we affirm as modified the judgment of the circuit court of Lake County.

Affirmed as modified.

McLAREN and GROMETER, JJ., concur.