THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT L. HARPER, Defendant-Appellant.

Fourth District   No. 4—02—0155

Opinion filed December 29, 2003.

Daniel D. Yuhas and Susan M. Wilham, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott Rueter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE APPLETON delivered the opinion of the court:

Defendant, Albert L. Harper, is serving consecutive terms of imprisonment for two separate offenses of burglary (720 ILCS 5/19—1(a) (West 1992)), one term imposed in this case (Harper I) and the other imposed in another Macon County case, *People v. Harper*, No. 94—CF—326 (Harper II). In the present case, Harper I, he filed a motion to vacate the sentence on the ground that the aggregate of the consecutive sentences for burglary in this case and Harper II was greater than section 5—8—4(c)(2) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—8—4(c)(2) (West 1992)) allowed. The trial court denied the motion, as well as a motion to reconsider, and defendant appeals.

Construing defendant's motion to vacate as a postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 through 122—8 (West 2000)), the State argues the trial court was correct in dismissing it because (1) the so-called "petition" alleges no constitutional violation, (2) *res judicata* and the doctrine of waiver bar it, and (3) the legislature implicitly repealed section 5—8—4(c)(2) by enacting section 5—8—4(h) of the Unified Code (730 ILCS 5/5—8—4(h) (West 1992)).

Because a party can challenge a void sentence at any time, either directly or collaterally, we disagree with the State's first and second contentions. We do not reach the State's third contention. We find section 5—8—4(c)(2) to be patently inapplicable to the present case, Harper I, for the simple reason that the trial court imposed no consecutive sentence—and therefore could not have violated section 5—8—4(c)(2)—in the present case; it imposed the consecutive sentence in Harper II. Therefore, we affirm.

## I. BACKGROUND

On April 27, 1994, in Harper I, a jury found defendant guilty of burglary (720 ILCS 5/19—1(a) (West 1992)), possession of burglary tools (720 ILCS 5/19—2(a) (West 1992)), and possession of a controlled substance (720 ILCS 570/402(c) (West 1992)). For those offenses, the trial court sentenced him to concurrent prison terms of 20 years, 2 years, and 2 years, respectively.

On June 16, 1994, in Harper II, defendant pleaded guilty to burglary, and the trial court sentenced him to 10 years' imprisonment, ordering that the 10-year term run consecutively to the prison terms in Harper I.

Although burglary was a Class 2 felony, the court sentenced him as a Class X offender in both cases, pursuant to section 5—5—3(c)(8) of the Unified Code (730 ILCS 5/5—5—3(c)(8) (West 1992) ("When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender")).

On January 25, 1996, in a consolidated appeal, we upheld the convictions and sentences in Harpers I and II. *People v. Harper*, Nos. 4—94—0563, 4—94—1040 cons. (January 25, 1996) (unpublished order pursuant to Supreme Court Rule 23).

On November 6, 1996, defendant filed, *pro se*, a petition for post-conviction relief from the judgments in Harpers I and II. The trial court summarily dismissed the petition as frivolous and patently without merit, and defendant appealed. In his appeal from the dismissal of his postconviction petition, he argued, *inter alia*, that the 30-year aggregate maximum of the consecutive sentences in Harpers I and II exceeded the 28-year aggregate maximum allowable under section 5—8—4(c)(2) of the Unified Code (730 ILCS 5/5—8—4(c)(2) (West 1992)). We affirmed, holding that defendant had forfeited that argument by failing to raise it in his postconviction petition. *People v. Harper*, No. 4—96—1008 (February 2, 1998) (unpublished order pursuant to Supreme Court Rule 23).

On April 17, 2001, defendant filed, *pro se*, a document entitled "Motion to Vacate [a] Void Sentence and for Resentencing," in which he requested, on the authority of *People v. Pullen*, 192 Ill. 2d 36, 733 N.E.2d 1235 (2000), that the trial court vacate the sentences in Harpers I and II and hold a new sentencing hearing, arguing, again, that the aggregate maximum of the consecutive sentences in those cases exceeded that permissible under section 5—8—4(c)(2) of the Unified Code. He acknowledged that in *Harper*, No. 4—96—1008, we held he

had forfeited that issue by failing to raise it in his postconviction petition. Nevertheless, he argued that "[b]ecause the sentences are void, they must be vacated. Void sentences can be attacked at any time. *People v. Arna*, 168 Ill. 2d 107, 658 N.E.2d 445 (1995); *People v. Zeisler*, 125 Ill. 2d 42, 531 N.E.2d 24 (1988)."

On October 15, 2001, construing defendant's motion as a postconviction petition, the State filed a motion to dismiss it on the following grounds: (1) instead of alleging a substantial denial of a constitutional right, he alleged only a violation of a state statute; (2) the present petition was untimely (see 725 ILCS 5/122—1(c) (West 2000)); (3) our decision in *Harper*, Nos. 4—94—0563, 4—94—1040 cons., was *res judicata*; and (4) he had forfeited the issue he now raised by failing to raise it in his first petition for postconviction relief (see 725 ILCS 5/122—3 (West 2000)).

On January 15, 2002, in Harper I, the trial court entered an order entitled "Judgment Dismissing [the] Request for [Postconviction] Sentencing Relief." In that order, the court noted that the 20-year term of imprisonment it had imposed in Harper I was "within the statutory [range] for Class X sentencing pursuant to the recidivist provisions of [section 5—5—3(c)(8) of the Unified Code]." The court had imposed the sentence on May 20, 1994, while defendant was awaiting trial in Harper II. On June 16, 1994, defendant pleaded guilty in Harper II, after the court imposed the sentence in Harper I. On July 11, 1994, the court imposed the 10-year term of imprisonment in Harper II, after defendant appealed the 20-year term of imprisonment in Harper I. The court reasoned that because the 20-year term of imprisonment in Harper I "was lawful when imposed," defendant's "claim of [a] void sentence [had] validity only in [Harper II]." Therefore, the court denied defendant's motion to vacate the sentence in Harper I.

On January 16, 2002, in Harper II, the trial court entered an order entitled "Order Denying [the] State's Motion to Dismiss." In that order, the court determined its sentence was void:

"[T]he [10-]year sentence in this case is consecutive to the 20[-]year sentence in [Harper I].

The 30[-]year total exceeds the maximum length of consecutive sentences [that] may be imposed on [defendant] for the burglary offenses. See [*Pullen*]. Consequently, the sentence in this case is void."

Accordingly, the court denied the State's motion to dismiss in Harper II and set defendant's "Motion to Vacate [a] Void Sentence and for Resentencing" for hearing on February 8, 2002, "to determine the nature of the relief to be allowed."

On February 8, 2002, defendant filed a "Motion to Reconsider [the] Judgment Dismissing [His] Request for [Postconviction] Sentencing Relief" in Harper I. He pointed out that in *Pullen*, "*each* of the defendant's sentences [was] vacated, even though neither one of them, individually, exceeded the allowable aggregate sentence." (Emphasis in original.) (We note, however, that in *Pullen*, 192 Ill. 2d at 39, 733 N.E.2d at 1236-37, the trial court imposed the consecutive sentences in the same criminal proceeding, in contrast to Harpers I and II.) Citing *People v. Kilpatrick*, 167 Ill. 2d 439, 657 N.E.2d 1005 (1995), defendant argued that "the most [he could] now be sentenced to [was] 14 years in this case and 10 years in [Harper II], for a total of 24 years, as this court could not now increase the 10[-]year component of his sentence." On February 8, 2002, the same day defendant filed his motion to reconsider, the trial court held a hearing on that motion and denied it. It does not appear, from the record, that the parties argued, or the trial court considered, "the nature of the relief to be allowed" in Harper II, although, by the terms of the order entered on January 16, 2002, that issue was to be taken up on February 8.

On February 13, 2002, defendant filed a notice of appeal in Harper I and in that case alone. That is the appeal now before us.

## II. ANALYSIS

### A. Defendant's Right To Challenge a Void Sentence "at [A]ny [T]ime"

#### 1. *Statutory Violation, as Opposed to a Constitutional Issue*

The State construes defendant's "Motion to Vacate [a] Void Sentence and for Resentencing" as a petition for postconviction relief. The Act remedies only substantial deprivations of constitutional rights, not deprivations of statutory rights. 725 ILCS 5/122—1(a) (West 2000); *People v. Stokes*, 333 Ill. App. 3d 655, 665, 776 N.E.2d 657, 665 (2002). The State argues that insomuch as the total of 30 years' imprisonment exceeded the "aggregate of consecutive sentences" section 5—8—4(c)(2) of the Unified Code allowed, the excess portion of the sentence violated only the Unified Code, not the state or federal constitution, and therefore the trial court was correct in granting the motion to dismiss. In support of that argument, the State cites *People v. Orndoff*, 39 Ill. 2d 96, 99, 233 N.E.2d 378, 380 (1968); *People v. Shaw*, 49 Ill. 2d 309, 313, 273 N.E.2d 816, 817 (1971); *People v. Matthews*, 60 Ill. 2d 123, 125, 324 N.E.2d 396, 398 (1975); *People v. Kessinger*, 133 Ill. App. 3d 831, 834, 479 N.E.2d 466, 468 (1985); *People v. Del Vecchio*, 129 Ill. 2d 265, 278, 544 N.E.2d 312, 316 (1989); and *People v. Thompson*, 335 Ill. App. 3d 1027, 1029, 782 N.E.2d 946, 948 (2003), *appeal granted*, 204 Ill. 2d 680, 792 N.E.2d 312 (2003).

The State also reminds us that in *Harper*, No. 4—96—1008, we rejected the very argument defendant is making now—that the total period of imprisonment in his consecutive sentences exceeds that which section 5—8—4(c)(2) of the Unified Code allows—on the ground that he had failed to allege a violation of section 5—8—4(c)(2) in the postconviction petition itself. Therefore, the State concludes, *res judicata* now bars defendant from resurrecting that argument in the present appeal, and defendant has "waived," or forfeited, the argument. The State cites *People v. Johnson*, 206 Ill. 2d 348, 356, 794 N.E.2d 294, 300 (2002), for the familiar rule that in postconviction proceedings, *res judicata* bars issues previously decided as well as issues "that could have been raised[ ] but were not."

■ Defendant responds that the appellate court can correct a void sentence "at any time," as the supreme court held in *Arna*, 168 Ill. 2d at 113, 658 N.E.2d at 448.

"If a trial court imposes a sentence greater than that permitted by statute, the excess portion of the sentence is void." *People v. Harvey*, 196 Ill. 2d 444, 448, 753 N.E.2d 293, 295 (2001), *cert. denied sub nom. Harvey v. Illinois*, 535 U.S. 958, 152 L. Ed. 2d 360, 122 S. Ct. 1366 (2002). "A sentence which does not conform to a statutory requirement is void." *Arna*, 168 Ill. 2d at 113, 658 N.E.2d at 448.

In *Arna*, 168 Ill. 2d at 111, 658 N.E.2d at 447, neither party objected to the concurrent nature of the defendant's prison terms. Nevertheless, the appellate court held, *sua sponte*, that consecutive sentences were mandatory under section 5—8—4(a) of the Unified Code (730 ILCS 5/5—8—4(a) (West 1992)) and, for that reason, vacated the concurrent sentences and remanded the case to the trial court for the determination of appropriate consecutive prison terms. *Arna*, 168 Ill. 2d at 111-12, 658 N.E.2d at 447-48. The defendant appealed to the supreme court, arguing that Rule 615(a) (134 Ill. 2d R. 615(a)) withheld from the appellate court the power to increase a sentence on review, and Rule 604(a) (134 Ill. 2d R. 604(a)) withheld from the State the right to appeal a sentencing issue. *Arna*, 168 Ill. 2d at 112, 658 N.E.2d at 448.

The supreme court held:

"A sentence which does not conform to a statutory requirement is void. [Citations.] Because the order imposing concurrent terms was void, the appellate court had the authority to correct it at any time [citation], and the actions of the appellate court were not barred by our rules which limit the State's right to appeal and which prohibit the appellate court from increasing a defendant's sentence on review." *Arna*, 168 Ill. 2d at 113, 658 N.E.2d at 448.

In *Harvey*, 196 Ill. 2d at 449, 753 N.E.2d at 296, the defendant

contended that his extended-term sentence violated statutory law. After the appellate court affirmed the judgment on direct review and upheld the dismissal of his postconviction petition, defendant filed a petition to vacate the sentence pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 1998)). *Harvey*, 196 Ill. 2d at 446-47, 753 N.E.2d at 294-95. "[T]here [was] no issue as to [the] defendant's right to seek redress by means of a section 2—1401 petition." *Harvey*, 196 Ill. 2d at 447, 753 N.E.2d at 295. Despite that concession by the State, the supreme court explained why section 2—1401 provided the correct procedural vehicle. Normally, section 2—1401 was invoked in civil cases, but "its remedial powers extend[ed] to criminal cases" as well. *Harvey*, 196 Ill. 2d at 447, 753 N.E.2d at 295. In criminal cases, as in civil cases, one could "seek relief beyond section 2—1401's two-year limitations period [(735 ILCS 5/2—1401(c) (West 1998))] [if] the judgment being challenged [was] void." *Harvey*, 196 Ill. 2d at 447, 753 N.E.2d at 295. To the extent the sentence violated "the extended-term sentencing statute," the sentence was void, and section 2—1401 provided a remedy. *Harvey*, 196 Ill. 2d at 448, 753 N.E.2d at 295. (The supreme court ultimately concluded, however, that the sentence did not violate the extended-term sentencing statute. *Harvey*, 196 Ill. 2d at 449, 753 N.E.2d at 296.)

Instead of discussing in detail every case the State cites, we will choose, from among them, only a few illustrative cases. In *Orndoff*, 39 Ill. 2d at 99, 233 N.E.2d at 380, the supreme court stated:

> "A careful examination of the lengthy [postconviction] petition filed by the defendant reveals that many of his allegations pertain, not to constitutional rights, but rather to rights conferred by statute. *** [T]he *** Act is limited to those errors which are of constitutional magnitude. A statute does not confer constitutional rights[,] and the greater part of defendant's petition ignores the distinction between these two categories of rights. [Citation.] *** [T]hose portions of the petition which refer to alleged statutory irregularities with reference to his arrest and detention prior to the return of the indictment charging him with larceny and burglary do not present issues of constitutional magnitude, and therefore the trial court was correct in dismissing those allegations."

In *Shaw*, 49 Ill. 2d at 311, 273 N.E.2d at 817, the defendant alleged, in his postconviction petition, that by sentencing him to a determinate term of imprisonment, the trial court had violated section 1—7 of the Criminal Code of 1961 (Ill. Rev. Stat. 1969, ch. 38, par. 1—7(e)), which required indeterminate sentences. The supreme court held:

"There is no constitutional requirement that sentences to the penitentiary be indeterminate. *** The right which defendant claims was violated is *** statutory and not constitutional. The *** Act is limited to those errors which are of constitutional magnitude." *Shaw*, 49 Ill. 2d at 311, 273 N.E.2d at 817.

In *Thompson*, 335 Ill. App. 3d at 1028, 782 N.E.2d at 947, the trial court sentenced the defendant to concurrent extended terms for aggravated battery (720 ILCS 5/12—4(b)(11) (West 1998)) and violation of an order of protection (720 ILCS 5/12—30(a) (West 1998)). The defendant filed a postconviction petition, in which he contended that his "extended-term sentence for violating an order of protection was unauthorized according to section 5—8—2(a) of the Unified Code *** (730 ILCS 5/5—8—2(a) (West 1998)) and [was] void." *Thompson*, 335 Ill. App. 3d at 1029, 782 N.E.2d at 948. We stated: "The issue raised by defendant (that only the greater class offense may include an extended-term sentence) involves a matter created by statute. We have consistently held such issues are not of constitutional magnitude and, thus, not subject to scrutiny under the *** Act." *Thompson*, 335 Ill. App. 3d at 1029, 782 N.E.2d at 948.

Actually, we had not "consistently held" that sentences that violated the Unified Code were unassailable in postconviction proceedings. In *People v. Rankin*, 297 Ill. App. 3d 818, 820, 697 N.E.2d 1246, 1248 (1998), the defendant filed a postconviction petition, alleging that his extended-term sentence "violated various provisions of Illinois sentencing law." We identified no constitutional violation but nevertheless explained:

"In [*Arna*, 168 Ill. 2d at 113, 658 N.E.2d at 448], the supreme court stated that a sentence that does not conform to statutory requirements is void and may be corrected at any time. See also *People v. Wade*, 116 Ill. 2d 1, 5-6, 506 N.E.2d 954, 955 (1987) ('[a] void judgment may be attacked at any time, either directly or collaterally'). In *People v. Perruquet*, 181 Ill. App. 3d 660, 663-64, 537 N.E.2d 351, 353-54 (1989), the court accepted the defendant's postconviction petition and directed that an improper extended-term sentence be reduced, holding that the excess portion of the defendant's sentence was void. Because we conclude that defendant's extended-term sentence did not conform to statutory requirements, we hold that he did not forfeit this issue and that he properly raised it in this proceeding under the Act." *Rankin*, 297 Ill. App. 3d at 821, 697 N.E.2d at 1248.

*Arna, Harvey*, and *Rankin* do not purport to change the long-standing rule that only issues of constitutional magnitude are cognizable under the Act. Because of the limiting language of section 122—1(a) (725 ILCS 5/122—1(a) (West 2000)), mere violations of statu-

tory law, such as those the defendant alleged in *Orndoff*, have no remedy under the Act. As *Arna, Harvey, Rankin*, and *Perruquet* teach, however, it does not follow that a particular type of statutory violation—a sentence that violates the Unified Code—has no remedy whatsoever under any other statute besides the Act or under any other legal theory. If a defendant requests the vacation of a void sentence, that he or she does so in a pleading erroneously titled as a postconviction petition is irrelevant. The title of a pleading does not determine what it is. "The character of a motion is determined by its content and not the title or label asserted by the petitioner." *Harvey*, 196 Ill. 2d at 457, 753 N.E.2d at 300 (Fitzgerald, J., specially concurring); see *People ex rel. Ryan v. City of West Chicago*, 216 Ill. App. 3d 683, 688, 575 N.E.2d 1321, 1324 (1991); *Savage v. Pho*, 312 Ill. App. 3d 553, 559, 727 N.E.2d 1052, 1057 (2000). If, as *Arna* holds, a court of review can, *sua sponte*, correct a void sentence—if the court can do so in the absence of a pertinent pleading—it must follow that the misdesignation of what is, essentially, a motion under section 2—1401 cannot stand in the way of the court's doing so, either.

■ A court of review has not only the power to correct a void sentence *sua sponte*, it has a duty to do so. A court should not knowingly tolerate the continued existence of a void sentence. As we held in *People v. Childs*, 278 Ill. App. 3d 65, 78, 662 N.E.2d 161, 169 (1996), "[t]he duty to vacate a void judgment is based upon the inherent power of a court to expunge from its records void acts of which it has knowledge. [Citation.] Thus, if [a] sentence [were] void, this court would have *** a duty to *sua sponte* raise the issue." Given that duty, it is irrelevant that defendant, in the present case, apparently acquiesces in the characterization of his motion as a postconviction petition or that he fails to explicitly invoke section 2—1401.

■ Our decision in *Thompson* was sound in light of *Shaw*, but, after *Arna* and *Harvey*, we conclude the supreme court would no longer content itself with the analysis in *Shaw*. We conclude the supreme court would continue to hold, as it has always held, that mere violations of statutory law have no remedy under the Act; but because void sentences can be challenged at any time, either directly or collaterally (*Wade*, 116 Ill. 2d at 5-6, 506 N.E.2d at 955), and because the substance, rather than the title, of a motion determines what it is (*Savage*, 312 Ill. App. 3d at 559, 727 N.E.2d at 1057), we conclude the supreme court would take the additional step of construing the "postconviction petition" as a motion under section 2—1401 of the Code. We will follow *Arna, Harvey, Rankin*, and *Perruquet*, and we will construe defendant's motion as a motion to vacate a sentence pursuant to section 2—1401. "[A]lthough imposition of an improper

extended-term sentence may not be recognizable under the Act, that does not mean that this court may not review such a sentence." *People v. Muntaner,* 339 Ill. App. 3d 887, 891, 791 N.E.2d 621, 624 (2003) (Second District decision disagreeing with *Thompson*).

## 2. *Res Judicata and Waiver*

■ The State further argues that our Rule 23 order in *Harper*, No. 4—96—1008, is *res judicata* and defendant has "waived," or forfeited, his argument by failing to raise it in his postconviction petition in that case. We disagree. *Res judicata* will not bar the relitigation of a claim if fundamental fairness requires relitigation. *Perruquet,* 181 Ill. App. 3d at 663, 537 N.E.2d at 354. Sentencing a defendant to a prison term longer than that which the Unified Code allows would be fundamentally unfair; therefore, *res judicata* would not bar the defendant from challenging the void sentence. *Perruquet,* 181 Ill. App. 3d at 663, 537 N.E.2d at 354. Because a party may attack a void sentence literally "at any time, either directly or collaterally" (*Wade,* 116 Ill. 2d at 5-6, 506 N.E.2d at 955), *res judicata* or the doctrine of waiver would not prevent a party from doing so (*Muntaner,* 339 Ill. App. 3d at 891, 791 N.E.2d at 624).

## B. No "Aggregate of Consecutive Sentences" in Harper I

■ Having determined that defendant's "Motion to Vacate [a] Void Sentence and for Resentencing" is cognizable under section 2—1401, we now consider the merits of the motion. Defendant reasons that because burglary is a Class 2 felony (720 ILCS 5/19—1(b) (West 1992)), the maximum extended-term sentence for burglary is 14 years (730 ILCS 5/5—8—2(a)(4) (West 1992)). Section 5—8—4(c)(2) of the Unified Code provides: "For sentences imposed under the law in effect on or after February 1, 1978, the aggregate of consecutive sentences shall not exceed the sum of the maximum terms authorized under [s]ection 5—8—2 [(730 ILCS 5/5—8—2 (West 1992))] for the [two] most serious felonies involved." 730 ILCS 5/5—8—4(c)(2) (West 1992). Burglary was the "most serious felony involved" in Harpers I and II. Defendant concludes that under section 5—8—4(c)(2), the maximum aggregate sentence allowable for two consecutive Class 2 felonies is 28 years' imprisonment instead of the total of 30 years' imprisonment he received. See *Pullen,* 192 Ill. 2d at 43, 733 N.E.2d at 1238.

In the present appeal, defendant challenges his sentence in Harper I. The trial court imposed a consecutive sentence in Harper II, not in Harper I. Because the trial court imposed no consecutive sentence at all in Harper I, section 5—8—4(c)(2) was, and is, patently inapplicable to Harper I. In his brief, defendant concedes that "[a]s a Class X offender," he could "lawfully be sentenced to 20 years' imprisonment

for [the burglary in Harper I]"; he merely contends that he "can receive a maximum sentence of no more than [eight] years for [the burglary in Harper II] in order to stay within the bounds of the statutory 28-year maximum aggregate."

If the trial court violated section 5—8—4(c)(2), it did so not in the present case, Harper I, but rather in Harper II, in which it imposed the consecutive sentence. The trial court has already held that the sentence in Harper II is void, and defendant apparently is still awaiting resentencing in that case.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

KNECHT, P.J., and COOK, J., concur.