THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SEAN R. HELGESEN, Defendant-Appellant.

Second District   No. 2—02—0879

Opinion filed April 5, 2004.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Sean R. Helgesen, appeals the summary dismissal under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2002)) of his "Motion to Vacate Void Judgment." Defendant contends that the trial court should have treated the motion as a petition under section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 2002)), which contains no provisions for summary dismissal. In the alternative, he contends that we must reverse the dismissal because the court failed to adhere to the procedural requirements of the Act. Because we hold that the court had the discretion to treat the motion as a postconviction petition and that the procedural irregularities in the proceedings under the Act were not reversible error, we affirm the judgment of the trial court.

A grand jury indicted defendant on 10 counts of first-degree murder (720 ILCS 5/9—1(a)(1), (a)(2) (West 1992)). The charges arose out of the April 17, 1993, stabbing deaths of Peter Robles and Diana Robles. Five counts of the indictment alleged that defendant slashed and stabbed Peter Robles with a knife, causing his death, and the other five counts alleged that defendant slashed and stabbed Diana Robles with a knife, causing her death, with the counts otherwise varying only as to defendant's alleged mental state. The State's Attorney and the foreperson of the grand jury signed the indictment after the tenth count. A jury found defendant guilty on all counts, rejecting his insanity defense. The court found that the counts merged to one for each victim (720 ILCS 5/9—1(a)(1) (West 1992)), and on June 14, 1995, the court sentenced defendant to natural life in prison because he had been found guilty of murdering more than one victim. On direct appeal, defendant contended that the court had erred in making certain comments during *voir dire,* in denying his motion for a mistrial after the State asked an objectionable question of one of defendant's expert witnesses, and in admitting into evidence the statement he made to police. He also argued that the court abused its discretion in admitting certain gruesome exhibits. We affirmed the convictions. *People v. Helgesen,* No. 2—95—0735 (1997) (unpublished order under Supreme Court Rule 23).

Defendant filed a *pro se* petition for relief under the Act, contending that his sentence violated the principles of *Apprendi v. New Jersey,* 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). He stated that he had received an "extended term" because the crimes were ac-

companied by brutal and heinous behavior indicative of wanton cruelty, and that the State did not prove this beyond a reasonable doubt. The trial court dismissed his petition as frivolous and patently without merit. It noted that the basis for the life sentence was that defendant had been found guilty of murdering more than one person and that a jury had found this fact beyond a reasonable doubt. Defendant did not appeal this decision.

On May 9, 2002, defendant filed a document entitled "Motion to Vacate Void Judgment" along with a collection of supporting documents, including a motion for appointment of counsel. He contended that his "sentencing judgment" was void because (1) the indictment was faulty in that it failed to set forth the offenses with which defendant was charged; (2) if the indictment was valid, it charged defendant with only one count of murder; and (3) it failed to allege the facts allowing an enhanced penalty.

At a hearing on this filing, the court stated that it had received a motion to vacate a void judgment and asked the State if it wished to file a response. The State did not do so. The court appointed the public defender to represent defendant. At a later court date, a discussion took place among the court, the public defender, and the State's Attorney as to how the court should characterize the filing. The public defender also raised a concern that she might have a conflict of interest in her representation of defendant. The State's Attorney told the court that "with regard to the failure to allege [a basis for] the extended-term extraordinary penalty, *** the Defendant was charged with and convicted of the murder of two people. So *** that's the only available sentence ***. And I believe it falls within the realm of *Apprendi*." The court responded that it agreed. The court then announced that, because the motion raised a constitutional issue, the court would treat it as a postconviction petition. The court set a date for an initial ruling.

On the date for the ruling, the court stated that, because defendant filed the motion seven years after it sentenced him, it "ha[d] to" consider the motion as a postconviction petition. It then found that defendant had not alleged any fundamental unfairness in the first postconviction proceedings such that defendant would be entitled to file a second petition. It also found that the indictment was proper in form. Further, there was no difficulty regarding the life sentence because defendant had been charged with and found guilty of the murder of two persons, and thus the sentence met the requirements of *Apprendi*. The court dismissed the motion pursuant to section 122—2.1 of the Act (725 ILCS 5/122—2.1 (West 2002)), which directs trial courts to summarily dismiss postconviction petitions that they have

found on independent review to be frivolous and patently without merit. Its written order stated only that the basis for dismissal was that the filing was a second postconviction petition.

Defendant then filed a *pro se* motion to reconsider, arguing, *inter alia*, that the court had erred in recharacterizing the motion as a post-conviction petition and in giving him inadequate time to prepare his motion to reconsider by failing to serve the dismissal order by certified mail. The court denied the motion.

Defendant now appeals, contending that it was error for the court to recharacterize the motion as a postconviction petition, when it should have considered it as a petition pursuant to section 2—1401 of the Code. Alternatively, defendant contends that the procedural ir-regularities in effecting the first-stage dismissal require us to remand for the second-stage review under the Act. Defendant does not chal-lenge the court's substantive findings, so we consider only the procedural issues. Whether the trial court complied with the applicable procedure is a question of law and our review is *de novo*. See *Woods v. Cole*, 181 Ill. 2d 512, 516 (1998).

We conclude that the trial court was entitled to construe the mo-tion to vacate a void judgment as a postconviction petition and that the court's application of the Act, although imperfect, did not constitute reversible error.

As defendant seems to acknowledge, to obtain jurisdiction to ad-dress the motion, the trial court had to recharacterize it. In *People v. Flowers*, 208 Ill. 2d 291, 308 (2004), our supreme court held that a litigant's raising of a voidness claim does not serve to revest a court with jurisdiction that it has otherwise lost. The litigant may therefore raise such a claim only when a proceeding is properly pending before the court. *Flowers*, 208 Ill. 2d at 308. Because section 2—1401 abolished all common-law methods of attacking void judgments (735 ILCS 5/2—1401(a) (West 2002); *Sarkissian v. Chicago Board of Educa-tion*, 201 Ill. 2d 95, 104 (2002)), defendant's freestanding motion did not invoke the trial court's jurisdiction. Thus, to consider it at all, the court had to construe defendant's motion as a pleading initiating some type of statutory collateral proceeding.

Defendant contends that the only possible recharacterization of his motion was as a section 2—1401 petition. At first glance, this contention appears to have considerable merit. In *Sarkissian*, our supreme court determined that an order vacating a default judgment as void for improper service is final and appealable. In doing so, the court stated that a motion to vacate a void judgment is properly recognized as a section 2—1401 petition. The court reasoned that, beyond section 2—1401, nothing in the Code "make[s] provision for

the filing of a motion to challenge a judgment on voidness grounds." *Sarkissian*, 201 Ill. 2d at 105. That is, in a civil context, section 2—1401 is generally the only available method of collateral attack. However, in a criminal case, the Act provides a second option.

■ In *People v. Thompson*, 209 Ill. 2d 19 (2004), the supreme court established that a trial court must consider a voidness claim that is raised in a postconviction petition. Thus, as a vehicle for bringing a voidness claim in a criminal case, the Act is a fully equal alternative to section 2—1401 of the Code. Accordingly, *Sarkissian* did not constrain the trial court to treat defendant's motion as a section 2—1401 petition.

■ As defendant's voidness claim was cognizable under the Act, the Act allowed the trial court to treat his motion as a postconviction petition. The Act provides:

> "A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under [the Act] *need not* evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article." (Emphasis added.) 725 ILCS 5/122—1(d) (West 2002).

If the court *need not* do so, then, by the strongest of implications, it also *may* do so. Thus, the trial court did not err in construing defendant's motion as a petition under the Act.

Defendant contends that it would be unfair to require him to comply with the Act when he did not seek to invoke it. However, in *Thompson*, the supreme court determined that a voidness claim in a postconviction petition "does not depend [on the Act] for its viability." *Thompson*, 209 Ill. 2d at 27. Consequently, even if the petition violates the technical requirements of the Act, the trial court must consider the voidness claim on its merits.

We note that, in its written order, the trial court indicated that it dismissed defendant's motion solely because, as a postconviction petition, it was successive. As the court was required to address defendant's voidness claim on the merits, the successiveness of the petition was an improper basis for dismissal. However, in its oral ruling, the court did reach the merits of defendant's claim. Thus, the court did not improperly dismiss the voidness claim for technical violations of the Act. See *People v. Smith*, 242 Ill. App. 3d 399, 402 (1993) ("When the oral pronouncement of the court and the written order are in conflict, the oral pronouncement of the court controls").

We note that a Fourth District case, *People v. Harper*, 345 Ill. App. 3d 276 (2003), written without the benefit of *Thompson*, reaches a conclusion opposite ours. In *Harper*, the defendant filed a " 'Motion to

Vacate [a] Void Sentence and for Resentencing' " in which he alleged that his two consecutive sentences were void because, in aggregate, they exceeded the maximum permissible sentence. *Harper*, 345 Ill. App. 3d at 285-86. The trial court ruled against the defendant on the merits. Nevertheless, on appeal, the State, construing the motion as a postconviction petition, argued that the dismissal was proper because the filing did not allege a violation of a constitutional right, but only of a statutory right, which was not cognizable under the Act. *Harper*, 345 Ill. App. 3d at 280. The appellate court disagreed, reasoning as follows:

> "[T]he supreme court would continue to hold, as it has always held, that mere violations of statutory law have no remedy under the Act; but because void sentences can be challenged at any time, either directly or collaterally [citation], and because the substance, rather than the title, of a motion determines what it is [citation], we conclude the supreme court would take the additional step of construing the [motion to vacate a void sentence] as a [petition] under section 2—1401 of the Code." *Harper*, 345 Ill. App. 3d at 284.

Although the *Harper* court correctly stated that statutory violations have no remedy under the Act, the *Thompson* court later held that a trial court must review a voidness claim in a postconviction petition. Accordingly, the supreme court would allow such a claim to be treated under the Act and would not require treatment under section 2—1401.

We recognize that, because the trial court thought that it "ha[d] to" consider defendant's motion as a postconviction petition, it did not realize that it had the discretion to treat the motion as a section 2—1401 petition. This could be viewed as an abuse of discretion, as a "trial court's refusal to exercise its discretion due to its belief that it has none is error." *Allstate Insurance Co. v. Rizzi*, 252 Ill. App. 3d 133, 137 (1993). However, when a court's error as to the scope of its discretion results in its making a choice that falls within the range of its true discretion, the error does not mandate reversal unless the litigant shows that he or she was prejudiced. See *Allstate Insurance Co.*, 252 Ill. App. 3d at 137-38. Here, defendant alleges no prejudice other than the nature of the procedure itself.

That said, we caution that a trial court does not have unlimited discretion to construe a "motion to vacate void judgment" as a postconviction petition. As the *Harper* court correctly noted, it is a motion's substance, not its title, that controls its identity. *Harper*, 345 Ill. App. 3d at 284. If, as here, a "motion to vacate void judgment" raises only a voidness claim, the court may address its merits under

the Act. However, if it raises additional claims that are cognizable only under section 2—1401, for example, the motion, in substance, is a section 2—1401 petition. The court would abuse its discretion if it were to construe the motion as a postconviction petition and address the voidness claim on the merits, but dismiss the remaining claims either because they are not cognizable under the Act or because of technical violations of the Act.

Defendant's alternative argument is that the trial court's failure to comply with the procedural requirements of the Act constituted reversible error. We observe that the court's application of the Act involved some procedural irregularities. However, none of them is a basis for reversal.

Under the Act, a postconviction proceeding not involving the death penalty has three stages:

> "In the first stage, the defendant files a petition and the circuit court determines whether it is frivolous or patently without merit. At this stage, the Act does not permit any further pleadings from the defendant or any motions or responsive pleadings from the State. Instead, the circuit court considers the petition independently, without any input from either side. *** If the circuit court does not dismiss the petition ***, it is then docketed for further consideration.
>
> The proceeding then advances to the second stage. At the second stage, the circuit court appoints counsel to represent an indigent defendant. [Citation.] Counsel may file an amended post-conviction petition. Also, at this second stage, the Act expressly provides that the State may file a motion to dismiss or answer to the petition. [Citation.] *** If the circuit court does not dismiss or deny the petition, the proceeding advances to the third stage. At this final stage, the circuit court conducts an evidentiary hearing." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996).

Defendant initially contends that the court's first-stage dismissal was improper because the State had addressed the merits of defendant's petition. Under *Gaultney*, a first-stage dismissal is reversible error when the record shows that the trial court "sought or relied on input from the State when determining whether the petition [was] frivolous." *Gaultney*, 174 Ill. 2d at 419. However, improper input is not *per se* grounds for reversal. A reviewing court must reverse only when the record shows that the input caused the court to render a less-than-independent decision. See *Gaultney*, 174 Ill. 2d at 419-20.

Here, before the court dismissed the petition, the State addressed the merits of one of defendant's contentions: "With regard to the failure to allege [a basis for] the extended-term extraordinary penalty, *** the Defendant was charged with and convicted of the murder of

two people. So *** that's the only available sentence ***. And I believe it falls within the realm of *Apprendi*." However, the record makes clear that the court did not solicit this statement. Further, the State's assertion did not deprive defendant of an independent review of his petition; indeed, in its oral ruling, the court stated grounds for dismissal that went beyond *Apprendi*. See *People v. Anderson*, 287 Ill. App. 3d 1023, 1030 (1997).

Defendant also contends that the first-stage dismissal was improper because it followed the appointment of counsel. We acknowledge that, in standard postconviction proceedings, the Act provides for the appointment of counsel only after the petition has survived the first stage. See *People v. Fiedler*, 303 Ill. App. 3d 236, 237-38 (1999); *People v. Oury*, 259 Ill. App. 3d 663, 668 (1994). Here, however, the court did not appoint counsel to serve as postconviction counsel; instead, counsel was appointed only to assist the court in recharacterizing defendant's motion. Once the court determined that it would treat the motion as a postconviction petition, counsel's involvement ceased. Thus, this was not an improper appointment of counsel at the first stage of the postconviction proceedings; in effect, the appointment ended before the first stage had even begun.

We do not think that counsel automatically became postconviction counsel when the court decided to treat defendant's motion under the Act. No authority requires such a conclusion, and it would not be good policy to discourage the appointment of counsel for the limited purpose of assisting the court in recharacterizing a defendant's filing when a recharacterization is required. Thus, the court's appointment of counsel did not taint its first-stage dismissal under the Act.

Finally, defendant contends that the dismissal must be reversed because his appointed counsel failed to comply with the requirements of Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). However, by its terms, that rule applies only to postconviction counsel. As we have determined that defendant's counsel was not postconviction counsel, defendant's claim is without merit.

For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.