(No. 95713.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ERNEST THOMPSON, Appellant.

*Opinion filed February 20, 2004.*

Daniel D. Yuhas, Deputy Defender, and Martin J. Ryan, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Lisa Madigan, Attorney General, of Springfield, and John C. Piland, State's Attorney, of Urbana (Gary Feinerman, Solicitor General, and Linda D. Woloshin and Karen Kaplan, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

In 1999, defendant, Ernest Thompson, entered negotiated pleas of guilty to one count of aggravated battery (720 ILCS 5/12—4(b)(11) (West 1998)) and one count of violation of an order of protection (720 ILCS 5/12—30(a) (West 1998)). Because defendant had been previously convicted of violating an order of protection, the latter charge was a Class 4 felony (720 ILCS 5/12—30(d) (West 1998)). In return for defendant's plea, the State agreed to dismiss two other counts of the indictment. There was no agreement as to sentencing. At the guilty plea hearing, the circuit court of Champaign County admonished defendant pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402) and obtained a factual basis for the plea. Following a sentencing hearing, the circuit court imposed an extended-term sentence of nine years on the aggravated battery conviction and a concurrent, extended-term sentence of six years on the conviction of violation of an order of protection.

On February 28, 2000, defendant filed a *pro se* post-conviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 through 122—8 (West 1998)). Although the petition advanced various general

constitutional claims, defendant did not challenge his sentences. The circuit court dismissed the petition as frivolous and patently without merit. On appeal, defendant argued that (1) his extended-term sentences violated *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000); (2) Public Act 83—942 (Pub. Act 83—942, eff. November 23, 1983), amending the Act to allow dismissals of petitions prior to the appointment of counsel, violated the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)); and (3) the extended-term sentence for violation of an order of protection is void because an extended-term sentence could be imposed only on the aggravated battery conviction. The appellate court rejected all three contentions. As to the third argument, the court acknowledged that where a defendant has been convicted of multiple offenses of differing classes, an extended-term sentence may be imposed only on the conviction for the offense within the most serious class. However, the court found that the issue was not cognizable in postconviction proceedings, as it is not a matter of substantial deprivation of constitutional rights. The court also found that defendant had waived the issue by not raising it prior to his postconviction appeal. 335 Ill. App. 3d 1027, 1029-30. We granted defendant's petition for leave to appeal (177 Ill. 2d R. 315).

Defendant argues that the extended-term portion of his sentence for violation of an order of protection is void and that he may, therefore, attack it at any time, even in this postconviction appeal. The State argues that the sentence is not void, but is merely voidable. The State further contends that defendant has waived his right to challenge the extended-term sentence because he failed to raise the issue before the circuit court on a motion to withdraw guilty plea or in his postconviction petition. These issues raise questions of law which we review *de novo*. *People v. Hall*, 198 Ill. 2d 173, 177 (2001).

Section 5—8—2(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—2(a) (West 1998)) provides in relevant part that "[a] judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present." Aggravated battery is a Class 3 felony (720 ILCS 5/12—4(e) (West 1998)), while violation of an order of protection with a prior violation is a Class 4 felony (720 ILCS 5/12—30(d) (West 1998)). In *People v. Jordan*, 103 Ill. 2d 192, 206 (1984), this court held that the plain language of section 5—8—2(a) of the Code requires that when a defendant has been convicted of multiple offenses of differing classes, an extended-term sentence may be imposed only on the conviction within the most serious class.

The State concedes that defendant's extended-term sentence on his conviction for violation of an order of protection was improper under *Jordan*. In the appellate court, the State did not contest defendant's assertion that the extended-term portion of his sentence was void. However, it now argues that the improper portion of the sentencing order is merely voidable, thus making the error capable of waiver.

The principle has often been stated that a sentence, or portion thereof, that is not authorized by statute is void. See, *e.g.*, *People ex rel. Waller v. McKoski*, 195 Ill. 2d 393, 401 (2001); *People v. Williams*, 179 Ill. 2d 331, 336 (1997); *People v. Arna*, 168 Ill. 2d 107, 113 (1995); *People v. Wade*, 116 Ill. 2d 1, 5-6 (1987); *In re T.E.*, 85 Ill. 2d 326, 333 (1981); *People v. Simmons*, 256 Ill. App. 3d 651, 652 (1993); *People v. Perruquet*, 181 Ill. App. 3d 660, 663 (1989).

This principle applies in the instant case. Defendant

was convicted of two offenses of differing classes. Pursuant to section 5—8—2(a) of the Code, the circuit court could impose an extended-term sentence only on the greater offense, *i.e.*, aggravated battery. Accordingly, the extended-term sentence imposed on the order of protection conviction was unauthorized by statute and void.

The State's voidable argument is not supported by the above case law. *People v. Davis*, 156 Ill. 2d 149 (1993), cited by the State, is not a sentencing case. The State further attempts to support the appellate court's decision in this case by noting that the circuit court had the authority to impose extended-term sentences in one judgment provided it were to find that defendant's two offenses were unrelated. Thus, the State argues, the improperly imposed extended-term sentence is merely voidable. This court, in *People v. Coleman*, 166 Ill. 2d 247, 257 (1995), held that section 5—8—2(a) of the Code allows imposition of extended-term sentences on separately charged offenses of differing classes that arise from unrelated courses of conduct. The State does not argue, however, that defendant's two offenses were unrelated. In fact, a reading of the counts of the indictment to which defendant pleaded guilty leaves no doubt that both offenses arose from precisely the same course of conduct on defendant's part, *i.e.*, striking the victim about her head and face with his hands or fists. That the circuit court may validly impose extended-term sentences on multiple offenses of differing classes in circumstances not present here does not make the sentence imposed on defendant voidable.

We have very recently reiterated that a sentence which does not conform to a statutory requirement is void. *People v. Pinkonsly*, 207 Ill. 2d 555, 569 (2003), quoting *People v. Arna*, 168 Ill. 2d 107, 113 (1995). As the circuit court here lacked the statutory authority to impose an extended-term sentence on the conviction for

violation of an order of protection, the extended-term portion of that sentence is void.

We now turn to the question of whether defendant may challenge the void order in this appeal. It is a well-settled principle of law that a void order may be attacked at any time or in any court, either directly or collaterally. See, *e.g.*, *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002), quoting *Barnard v. Michael*, 392 Ill. 130, 135 (1945); *JoJan Corp. v. Brent*, 307 Ill. App. 3d 496, 502 (1999); *Potenz Corp. v. Petrozzini*, 170 Ill. App. 3d 617, 618 (1988).

Defendant cites our decision in *Arna*, where the defendant was convicted of two counts of attempted first degree murder and sentenced to concurrent terms of imprisonment. Although the State did not raise the issue on appeal, the appellate court, *sua sponte*, determined that consecutive sentences were mandatory. The court vacated the defendant's sentences and remanded to the circuit court for imposition of consecutive sentences. This court affirmed, finding that the circuit court's order imposing concurrent sentences was not authorized by statute and was void. Because the order was void, the appellate court had the authority to correct it at any time and, consequently, did not err in vacating the concurrent sentences. *Arna*, 168 Ill. 2d at 113.

In *Perruquet*, the defendant was convicted of deviate sexual assault, rape, and aggravated kidnapping and received extended-term sentences on all convictions. In a decision that predated our decision in *Jordan*, the appellate court rejected the defendant's argument that, under section 5—8—2(a) of the Code, he could not receive an extended-term sentence on the aggravated kidnapping conviction because that offense was a Class 1 felony, whereas the other two offenses were Class X felonies. Sometime after the *Jordan* decision was issued, the defendant filed a postconviction petition, in which he did

not raise any argument as to his extended-term sentence on the aggravated kidnapping conviction. The circuit court dismissed the petition as frivolous and without merit. On appeal, the defendant did raise the argument. The appellate court held that the extended-term portion of the sentence was void under *Jordan*. The court rejected the State's argument that the sentencing issue was a matter of statutory construction and, therefore, not cognizable in a postconviction proceeding. The court noted that an attack on a void judgment may be made at any time and does not depend on the Post-Conviction Hearing Act for its viability. The court also held that an attack on a void judgment is not subject to waiver. *Perruquet*, 181 Ill. App. 3d at 663-64.

In contrast to the appellate court in the instant case, the court in *People v. Muntaner*, 339 Ill. App. 3d 887 (2003), held, in very similar circumstances, that the defendant in that case could attack a sentencing order as void on appeal from the denial of his postconviction petition, where he had not raised the issue before the circuit court. In *Muntaner*, the defendant received concurrent extended-term sentences for murder and attempted murder. Many years later, the defendant filed a postconviction petition, arguing that his sentences violated *Apprendi*. The circuit court dismissed the petition. In his appeal, the defendant argued for the first time that his extended-term sentence for attempted murder was improper under section 5—8—2(a) of the Code. The appellate court rejected the State's argument that the issue was waived because it had not been raised previously. Noting that when a sentence greater than that authorized by statute is imposed the excess portion of the sentence is void, the court stated that such an order could be attacked at any time and was not subject to waiver. Accordingly, the appellate court reduced the sentence to the maximum allowable nonextended term. *Muntaner*, 339 Ill. App. 3d at 889-90.

We conclude that defendant may raise the voidness issue in this appeal. This conclusion necessarily follows from the analysis contained in the decisions cited above from this court and from the appellate court. The extended-term sentence on defendant's conviction for violation of an order of protection is void. A void order may be attacked at any time or in any court, either directly or collaterally. An argument that an order or judgment is void is not subject to waiver. Defendant's argument that the extended-term portion of his sentence is void does not depend for its viability on his postconviction petition. In fact, courts have an independent duty to vacate void orders and may *sua sponte* declare an order void. See *Schak v. Blom*, 334 Ill. App. 3d 129, 134 (2002). Accordingly, defendant may contest the void order in this appeal.

Our recent decision in *People v. Flowers*, 208 Ill. 2d 291 (2003), cited by the State, does not compel a different conclusion. In *Flowers*, the defendant entered a guilty plea to seven counts of forgery. She was sentenced to prison terms and ordered to pay restitution. The circuit court authorized the Illinois Department of Corrections (DOC) to withhold 50% of the defendant's prison income to pay the restitution and costs. The defendant did not file any postplea motions. She subsequently filed a *pro se* postconviction petition in which she alleged ineffective assistance of trial counsel for failing to comply with Rule 604(d). More than 16 months after the defendant had been sentenced, postconviction counsel filed a motion to reconsider the sentences. The circuit court denied the motion. The defendant then filed *pro se* notices of appeal from this decision. Thereafter, her postconviction counsel withdrew her postconviction petition and the defendant filed another set of *pro se* notices of appeal. Because the defendant's postconviction petition had been withdrawn, the appellate court treated her appeal as from the denial

of her motion to reconsider her sentences. On appeal, the defendant argued that she should not have been ordered to pay restitution because the circuit court had failed to admonish her of the possibility of restitution. She also argued that the provision in her sentence allowing DOC to withhold a portion of her prison income to pay restitution and costs was void because the circuit court lacked the statutory authority to make such an order. The appellate court found that the failure to admonish the defendant of the possibility of restitution precluded the circuit court from imposing a restitution requirement. It also found that the withholding requirement was void. *Flowers*, 208 Ill. 2d at 299.

On further appeal, this court concluded that the circuit court lacked subject matter jurisdiction to consider the defendant's motion to reconsider sentence because the motion was not filed within the time required by Rule 604(d). Thus, the circuit court's order denying the defendant's motion was void and the appellate court lacked jurisdiction to consider the merits of the defendant's appeal from that order. As to the allegedly void withholding order, this court acknowledged the well-established principle of law that a void order may be attacked at any time or in any court, either directly or collaterally. However, we held that the issue of voidness must be raised in the context of a proceeding that is properly pending in the courts. A court that lacks jurisdiction cannot confer any relief, even from void orders or judgments. We noted that, absent jurisdiction, an order directed at a void judgment would itself be void. Accordingly, the appellate court lacked the authority to grant the defendant relief from the allegedly void withholding order. *Flowers*, 208 Ill. 2d at 308.

In contrast to the situation in *Flowers*, defendant's postconviction petition was properly before the circuit court and his appeal to the appellate court from the

dismissal of the petition was properly before that court. There is no jurisdictional impediment to the granting of relief from the void portion of the circuit court's sentencing order.

In addition, the State's reliance on our decision in *People v. Harvey*, 196 Ill. 2d 444 (2001), is misplaced. In *Harvey*, the defendant alleged in a petition under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1998)) that his extended-term sentence was void. Nowhere in *Harvey* did we say that section 2—1401 is the only way in which a void order can be challenged. The majority opinion simply stated that such a challenge *may* be brought by means of a section 2—1401 petition. Accordingly, *Harvey* has no relevance to this case.

For the foregoing reasons, we affirm the appellate court's disposition of defendant's claim that his extended-term sentences violated *Apprendi* and his claim that Public Act 83—942 violated the single subject rule of the Illinois Constitution. We reverse that portion of the appellate court's judgment that rejected defendant's argument that the extended-term portion of his sentence for violation of an order of protection is void. In the exercise of our supervisory authority, we vacate the extended-term portion of defendant's sentence for violation of an order of protection, and reduce his sentence to the maximum nonextended term of three years' imprisonment. See 134 Ill. 2d R. 615(b)(4) ("On appeal the reviewing court may *** reduce the punishment imposed by the trial court").

*Appellate court judgment affirmed*
*in part and reversed in part;*
*circuit court judgment affirmed as modified.*