2016 IL App (1st) 140887

SECOND DIVISION
March 1, 2016

Nos. 1-14-0887 and 1-14-0937 (cons.)

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No.  96 CR 10513 |
| | ) | |
| MICHAEL SMITH, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion. Justices Neville and Simon concurred in the judgment and opinion

**OPINION**

¶ 1     More than 20 years after our supreme court established the void-sentence rule in *People v. Arna*, 168 Ill. 2d 107, 113 (1995), the court found the rule to be "constitutionally unsound" in *People v. Castleberry*, 2015 IL 116916, ¶ 19 and abolished the rule.  Prior to the decision in *Castleberry*, while *Arna* was still in effect, defendant sought to attack his consecutive 60-year extended term sentence for aggravated criminal sexual assault and 40-year extended term sentences for home invasion and armed robbery in this appeal from the denial of leave to file his successive postconviction petition.  Defendant argues that his extended term sentences were unauthorized by law and therefore void because the trial court did not find the proper factors in

imposing the extended term sentences. *Castleberry* was decided while defendant's appeal was pending here. We must now determine if *Castleberry* applies to defendant's case. If we determine it does, we are left to deal with the question of how defendant, and those similarly situated, can properly attack sentences unauthorized by law. If we determine that *Castleberry* does not apply, we must grant defendant the relief requested.

¶ 2      Defendant's sole argument on appeal from the denial of his motion for leave to file a successive postconviction petition is that, although he was sentenced to consecutive extended term Class X sentences under section 5-5-3.2(b) of the Unified Code of Corrections (730 ILCS 5/5-5-3.2(b) (West 1996)), none of the factors authorizing extended term sentences enumerated in section 5-5-3.2(b) applied in this case nor did the court find any to be present. Without a finding that any of the enumerated factors were present, the extended term sentences imposed are not authorized by law and would be considered void under *Arna* and *People v. Thompson*, 209 Ill. 2d 19, 23-25 (2004).

¶ 3      The facts of the underlying case are not relevant here and therefore we need not discuss them. A recitation of the facts can be found in our order affirming defendant's conviction. *People v. Smith*, No. 1-97-2414 (Oct. 25, 2004) (unpublished order under Supreme Court Rule 23). We note that we also affirmed the summary dismissal of petitioner's first postconviction petition in *People v. Smith,* No. 1-08-0191 (June 26, 2009) (unpublished order under Supreme Court Rule 23), and defendant's subsequent successive postconviction petitions in *People v. Smith*, No, 1-10-0659 (Oct. 7, 2011) (unpublished order under Supreme Court Rule 23), *People v. Smith*, No. 1-11-1648 (Jan. 16, 2013) (unpublished order under Supreme Court Rule 23), and *People v. Smith*, No. 1-13-2510 (June 9, 2015) (unpublished order under Supreme Court

23).

¶ 4    Defendant filed a motion on January 30, 2014, seeking leave to file another successive

postconviction petition wherein defendant argued that: (1) he was denied his right to a jury trial;

(2) his sentence is improper in that the aggravating factors were not pled and proven; and (3) he

was denied his right to the transcripts from his grand jury.  On February 6, 2014, the trial court

denied defendant leave to file his petition.  This appeal followed.

¶ 5    The State argues that the issue defendant presents here was not raised in his January 30,

2014, *pro se* motion for leave to file a successive postconviction petition.  In support of this

argument, the State cites the numerous requirements of the PostConviction Hearing Act (Act)

(725 ILCS 5/122-1 *et seq*. (West 2014)).  The Act allows a criminal defendant a procedure for

determining whether he was convicted in substantial violation of his constitutional rights.

*People v. Edwards*, 197 Ill. 2d 239, 243-44 (2001).  To be entitled to relief under the Act, a

defendant must establish a substantial violation of his constitutional rights in the proceedings that

produced the conviction or sentence being challenged.  *People v. Jones*, 211 Ill. 2d 140, 143-44

(2004).

¶ 6    The Act contemplates the filing of only one postconviction petition.  *People v. Evans*,

186 Ill. 2d 83, 89 (1999); 725 ILCS 5/122-1(f) (West 2014).   Successive postconviction

petitions are governed by section 122-1(f) of the Act, which provides:

    "Only one petition may be filed by a petitioner under this Article without leave

    of the court.   Leave of court may be granted only if a petitioner demonstrates

    cause for his or her failure to bring the claim in his or her initial post-conviction

    proceedings and prejudice results from that failure."  725 ILCS 5/122-1(f) (West 2006).

3

¶ 7    Leave to file successive postconviction petitions may be granted when a defendant has established cause and prejudice, or when fundamental fairness so requires. *People v. Pitsonbarger*, 205 Ill. 2d 444, 458-59 (2002); *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010); 725 ILCS 5/122-1(f) (West 2006).   Pursuant to the cause-and-prejudice test, the petitioner must show good cause for failing to raise the claimed errors in a prior proceeding and actual prejudice resulting from the claimed errors. *Pitsonbarger*, 205 Ill. 2d at 460; 725 ILCS 5/122-1(f) (West 2006).  "Cause" is defined as "any objective factor, external to the defense, which impeded the petitioner's ability to raise a specific claim at the initial postconviction proceeding." *Pitsonbarger*, 205 Ill. 2d at 462; 725 ILCS 5/122-1(f) (West 2006).  "Prejudice" is defined as an error so infectious to the proceedings that the resulting conviction violates due process. *Pitsonbarger*, 205 Ill. 2d at 464; 725 ILCS 5/122-1(f) (West 2006).   A defendant must establish cause and prejudice as to each individual claim asserted in a successive postconviction petition to escape dismissal under the doctrine of *res judicata* and waiver.  *Pitsonbarger*, 205 Ill. 2d at 463; 725 ILCS 5/122-1(f) (West 2006).

¶ 8    The State places great emphasis on the fact that it believes that defendant did not include his current sentencing claim in the successive petition he presented to the trial court and therefore, because the trial court did not consider this issue when it denied defendant leave to file, this court cannot consider this issue for the first time on appeal. The State claims that under traditional postconviction law, a defendant must establish cause and prejudice for each specific claim raised in a successive postconviction petition and, as a result, a defendant may not raise a claim for the first time on appeal.  In support, the State cites *People v. Jones*, 213 Ill. 2d 498 (2004).

¶ 9    In *Jones*, the question was whether the defendant could properly raise the question of improper admonishments for the first time on appeal, despite the fact that he did not include the issue in his petition for postconviction relief. *Id*. at 503. In resolving the question presented, our supreme court noted that "our appellate court is not free, as this court is under its supervisory authority, to excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition." *Id.* at 508. The court went on to hold that "defendant may not raise the issue of the improper admonishments for the first time on appeal. The proper forum for the claim is a successive postconviction action." *Id*. at 508-09. The court rejected the defendant's argument that improper admonishments rendered his conviction void. *Id*. at 509.

¶ 10    In response to the State's argument here, defendant argues that his petition specifically complained about the "extended portion" of his sentence and that the "brutal and heinous element" was applied in error. Defendant argues, quoting *People v. Carballido*, 2011 IL App (2d) 090340, ¶ 38, that the inclusion of these facts is sufficient to raise a claim in this appeal because the law recognizes that "it is unlikely that [a *pro se* petitioner] will be aware of the precise legal basis for his claim."

¶ 11    We find the State's argument and its reliance on *Jones* is misplaced. Defendant's inartfully drafted petition states, in part, "the focal point for argument sheds an entirely different light on the subject of [his] conviction and/or sentence. Reasonable doubt of [his conviction] comes into question, as does the circumstances surrounding the consecutive nature and extended portion of his sentence. [M]y 100 year sentence, by law, is error and shouldn't have exceeded 30 years in I.D.O.C." We find that the issue before us was sufficiently raised in defendant's motion

for leave to file his successive postconviction petition in the circuit court.

¶ 12    Nonetheless, we agree with the State that defendant makes no claims here with respect to the circuit court's denial of his motion for leave to file his successive postconviction petition or any argument related in any way to his successive petition.  However, defendant's failure to raise the issue of the denial of his motion for leave to file his postconviction petition here is not fatal because his claim does "not depend for its viability of his postconviction petition" as *Castleberry* had not yet been decided.  *Thompson*, 209 Ill. 2d at 27.  Defendant had an independent basis, other than the denial of his request for leave to file a successive postconviction petition, to bring this issue before this court.  At the time this appeal was filed, a "void sentencing order" was subject to attack "at any time or in any court, either directly or collaterally. An argument that an order or judgment is void is not subject to waiver." *Id*.  Therefore, we must assume that defendant intended to raise a free standing claim that the extended term portions of his sentence are void under *Arna* and *Thompson*.

¶ 13    Defendant was convicted of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 1996)), home invasion (720 ILCS 5/12-11(a)(1), (2) (West 1996)) and armed robbery (720 ILCS 5/18-2 (West 1996)), which are all Class X offenses.  A defendant convicted of a Class X offense shall be sentenced to a prison term of 6 to 30 years. 730 ILCS 5/5-8-1(a)(3) (West 1996). The factors that a trial court may consider as reasons to impose an extended term sentence beyond the sentence authorized for a Class X offense are listed in section 5-5-3.2(b) (730 ILCS 5/5-5-3.2(b) (West 1996)).  "A judge shall  not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5-8-1 *** unless the factors in aggravation set forth in paragraph (b) of Section 5-5-3.2 were found to be present."  730 ILCS

5/5-8-2(a) (West 1996).

¶ 14    A trial court is required to "set forth his reasons for imposing the particular sentence he enters in the case." 730 ILCS 5/5-8-1(b) (West 1996). In imposing defendant's Class X extended term sentences, the court began by stating that it was imposing consecutive sentences because consecutive sentences were required to protect the public from further criminal conduct. The court went on to say, "[t]he State is also urging me to sentence you to the extended term because there are certain aggravating factors which are contained in 730 Illinois Compiled Statutes, 5/5-5-3.2, factors in aggravation." The court found the following aggravating factors were present: (1) defendant's conduct caused or threatened serious harm (730 ILCS 5/5-5-3.2(a)(1) (West 1996)); (2) defendant had a history of delinquency (730 ILCS 5/5-5-3.2(a)(3) (West 1996)); and (3) the sentence is necessary to deter others from committing the same offense (730 ILCS 5/5-5-3.2(a)(7) (West 1996)). These aggravating factors which are specified in section 5-5-3.2(a)(1) (730 ILCS 5/5-5-3.2(a) (West 1996)) allow a court to impose a more serious sentence within the normal, nonextended term range. The aggravating factors the trial court found did not include any of the factors specified in section 5-5-3.2(b) which authorize an extended term, yet the court sentenced defendant to extended term sentences. In short, the trial court found the aggravating factors listed under section 5-5-3.2(a) and not any of the factors that must be found to impose an extended term sentence under section 5-5-3.2(b).

¶ 15    A trial judge cannot impose an extended term sentence "unless the factors in aggravation set forth in paragraph (b) of Section 5-5-3.2 were found to be present." 730 ILCS 5/5-8-2(a) (West 1996). The circuit court has no authority to impose a sentence that does not conform to statutory guidelines and, thus, exceeds its authority when it orders a lesser or greater sentence as

occurred here. *People v. White*, 2011 IL 109616, ¶ 12. "In such a case, the defendant's sentence is illegal and void." *Id*. ¶ 20 (quoting *Arna*, 168 Ill. 2d at 113).

¶ 16    The State does not dispute that the trial court did not find the required factors when it sentenced defendant to an extended term sentence. At oral argument the State argued, without supporting case law, that the imposition of extended term sentences without a specific finding that any of the factors enumerated in section 5-5-3.2(b) were present at the time defendant was sentenced did not render the extended portion of his sentence unauthorized by law.  We disagree.

¶ 17    In *People v. Moore*, 266 Ill. App. 3d 791, 799 (1994), this court remanded the defendant's case to the trial court for resentencing after finding that the trial court imposed an extended term sentence without articulating its basis for imposing the extended term sentence. In *People v. Bivens*, 163 Ill. App. 3d 472, 495-96 (1987), we vacated the defendant's extended term sentence because the trial court did not find that any of the section 5-5-3.2(b) extended term factors in aggravation were present. While neither defendant in *Moore* or *Bivens* challenged their unlawfully imposed extended term sentence on collateral review or under *Arna*, it logically follows that extended term sentences imposed in violation of section 5-5-3.2(b) are unlawful and therefore must be corrected.

¶ 18    Having found that defendant's extended term sentences are unauthorized by law, we now must address the State's argument that *Castleberry* precludes our consideration of defendant's independent attack on his sentence in this procedural posture.  As noted, at the time defendant filed his brief in this court, a sentence that was not authorized by statute was void and could be attacked at any time. *Thompson*, 209 Ill. 2d at 23-29.

¶ 19    The State recognizes that under *Thompson*, (*id*. at 22-29), claims not included in a

postconviction petition may not be raised for the first time on appeal, except when a sentence is void. However, the State claims, without any discussion of *Castleberry*'s application to defendant's case or its retroactivity to cases on collateral review, that defendant's argument and reliance on *Thompson* is no longer tenable under *Castleberry* because *Castleberry* abolished the rule announced in *Arna*.

¶ 20 Defendant's opening brief was filed before our supreme court issued its opinion in *Castleberry*, 2015 IL 116916. In *Castleberry*, the court abolished the void sentence rule, "which state[d] that [a] sentence which does not conform to a statutory requirement is void." (Internal quotation marks omitted.) *Id.* ¶ 1. Our supreme court observed that, "recent decisions from this court have undermined the rationale behind the rule to the point that the rule can no longer be considered valid." *Id.* The court stated:

"[O]ur cases have at times also held 'that the power to render the particular judgment or sentence is as important an element of jurisdiction as is personal jurisdiction and subject matter jurisdiction.' [Citation.] Based on this idea, the rule has developed which holds that a circuit court which violates a particular statutory requirement when imposing a sentence acts without 'inherent authority' or 'inherent power.' And, because the court has acted without power, it has acted without jurisdiction, thereby rendering the sentence void. Thus, the void sentence rule is stated: 'A sentence which does not conform to a statutory requirement is void.' [Citation.]" *Id.* ¶ 13.

¶ 21 The *Castleberry* court went on to note that the Illinois Constitution granted circuit courts original jurisdiction over all justiciable matters and therefore:

" '[W]hile the legislature can create new justiciable matters by enacting legislation that

9

creates rights and duties, the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction.' " *Id*. ¶ 15 (quoting *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 37).

As a result, our supreme court abolished the void sentence rule, finding it constitutionally unsound, because a circuit court, being a court of general jurisdiction, does not acquire its jurisdiction from any statute. *Id.*, ¶ 19.

¶ 22    The State argues that it is not disputed here that the trial court had both the necessary subject matter and personal jurisdiction to sentence petitioner to an extended term of imprisonment. The State further argues that even if the court erred in applying section 5-5-3.2(b), defendant's sentence is merely voidable. *Id*. ¶ 11.

¶ 23    Although the State was given the opportunity to explain how or why *Castleberry* applies to the issue presently before this court, the State has failed to do so both in their brief and in oral argument. Given the State's skill in appellate advocacy, we find the omission telling. At oral argument the State remarked that this was not an issue of *Castleberry*'s retroactivity. Defendant argues otherwise.

¶ 24    *Teague v. Lane*, 489 U.S. 288 (1989), the seminal case on retroactivity, governs the retroactive application of constitutional rules, and is equally applicable to nonconstitutional rules. See *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004). Under *Teague*, a judicial decision that establishes a new rule applies to all criminal cases pending on direct review. *Id.* at 351. New rules will not apply to convictions that are final at the time the new rule is announced, with two exceptions. *Id.* The retroactive application of "rules not in existence at the time a conviction

10

became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system."  (Internal quotation marks omitted.) *People v. Sanders*, 238 Ill. 2d 391, 401 (2010).  In this case there is no question that defendant's conviction was final when *Castleberry* was decided.

¶ 25    The determination as to whether retroactive application of *Castleberry* is warranted turns on whether a case announces a new rule or merely expands upon a preexisting rule.  *Teague*, 489 U.S. at 299.  Generally speaking, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."  (Emphasis omitted.)  *Id.* at 301.  A decision that applies an established general rule to a new set of facts is not a new rule. *Id*. at 309.   In other words, where a decision "breaks new ground or imposes a new obligation on the States or the Federal Government," or "if the result [is] not dictated by precedent existing at the time the defendant's conviction became final," a decision announces a new rule.  (Emphasis omitted.) *Id.* at 301.

¶ 26    The *Teague* Court articulated two instances when new rules of criminal procedure should be applied retroactively to cases on collateral review: (1) it places certain kinds of primary, private individual conduct beyond the power of the criminal law making power to proscribe; or (2) requires the observance of those procedures that are implicit in the concept of ordered liberty. *Id*. at 311.  The *Teague* analysis was adopted by the Illinois Supreme Court in *People v. Flowers*, 138 Ill. 2d 218, 238 (1990), and was applied to an action brought pursuant to the Act.

¶ 27    Defendant argues that pursuant to *Teague*, *Castleberry* announced a new rule.  Defendant claims that *Castleberry* was not dictated by precedent existing at the time his conviction became final in 1999.  Indeed, when defendant's conviction became final, the void sentence rule (as

11

established in *People v. Arna*, 168 Ill. 2d 107 (1995)), was firmly in place. Defendant also cites

the *Castleberry* court's announcement that it was "departing from precedent" when it "abolished"

the void sentence rule. *Castleberry*, 2015 IL 116916, ¶ 19.

¶ 28    Generally speaking, it is "often difficult" to determine whether a case announces a new

rule. *Teague*, 489 U.S. at 301.  This determination is particularly troublesome where the new

decision is reached by an extension of the reasoning of prior cases.  *Butler v. McKellar*, 494

U.S. 407, 412-13 (1990).

¶ 29    The rule that a sentence not authorized by law is void and can be attacked at any time was

established in *Arna*, 168 Ill. 2d at 107, and has been consistently applied since. See, *e.g.*, *People

v. Jackson*, 2011 IL 110615, ¶ 10; *People v. Marshall*, 242 Ill. 2d 285, 302 (2011); *People v.

Bishop*, 218 Ill. 2d 232, 254 (2006); *Thompson*, 209 Ill. 2d at 25 (2004); *People v. Pinkonsly*, 207

Ill. 2d 555, 569 (2003). As the State recognized at oral argument, this case does not involve the

application of a new rule, but the abolition of an old one.  Without any further input from the

State on the issue, based on our review of the facts of this case, as well as *Teague* and other

relevant case law, we find that *Castleberry* did not announce a new rule, but merely abolished

the rule stated in *Arna*, thereby reinstating the rule in effect before *Arna*: a sentence that did not

comply with statutory guidelines was only void if the court lacked personal or subject matter

jurisdiction. See *Castleberry*, 2015 IL 116916, ¶ 19.

¶ 30 Because *Castleberry* did not announce a new rule and cannot be applied retroactively,

defendant has the right to challenge his sentence unauthorized by the sentencing statute in this

court for the first time on appeal from the denial of leave to file a successive postconviction

pursuant to *Arna* and *Thompson.  Castleberry* only applies prospectively from the date of

pronouncement, November 15, 2015. *Teague*, 489 U.S. at 309.

¶ 31    As previously explained, defendant is challenging the extended term portions of the sentence imposed because they were unauthorized by law.  Defendant requests that the extended term portion of his sentences be vacated and he be resentenced to the maximum sentence for Class X offenses for which he was convicted: 30 years' imprisonment for aggravated criminal sexual assault, consecutive to 30 years' imprisonment for home invasion and armed robbery. Defendant is not challenging the trial court's imposition of consecutive sentences.  Accordingly, pursuant to Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967) we vacate the extended term portion of defendant's 60-year and 40-year sentences and reduce his sentence to 30 years' imprisonment for aggravated criminal sexual assault and 30 years' imprisonment for home invasion and armed robbery to be served consecutively for a total of 60 years' imprisonment, as requested by defendant.

¶ 32    Affirmed as modified.