2020 IL App (2d) 180202-U
No. 2-18-0202
Order filed June 30, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 95-CF-85 |
| KENNETH R. HAWTHORNE, | ) ) ) | Honorable George D. Strickland, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Hutchinson and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant was not entitled to notice and warnings under *People v. Pearson*, 216 Ill. 2d 58 (2005), when the trial court recharacterized his "motion to terminate and modify a void sentence" as a successive postconviction petition. *Pearson*'s requirement of warnings only applies to the recharacterization of pleadings labelled as different actions cognizable under Illinois law. Here, defendant's pleading did not meet that requirement because it invoked Rule 615, which does not create a separate remedy under Illinois law.

¶ 2    Defendant, Kenneth R. Hawthorne, filed a motion to terminate a void sentence, purportedly

invoking Illinois Supreme Court Rule 615 (eff. Jan. 1, 1967). Deeming it a petition for leave to

file a successive postconviction petition, the trial court denied it. Defendant appeals, contending

that the court erred in recharacterizing his pleading without providing the notice and warnings required by *People v. Pearson*, 216 Ill. 2d 58 (2005). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Following a jury trial in 1995, defendant was convicted of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(5) (West 1994)) and sentenced to 55 years' imprisonment. On direct appeal, this court affirmed. *People v. Hawthorne*, No. 2-95-1359 (1997) (unpublished order under Illinois Supreme Court Rule 23). Defendant filed a petition pursuant to the Post-Conviction Hearing Act (the Act). 725 ILCS 5/122-1 *et seq.* (West 1996). The trial court dismissed it and this court affirmed. *People v. Hawthorne*, No 2-98-0531 (1999) (unpublished order under Illinois Supreme Court Rule 23). Defendant then filed a petition for relief from judgment (735 ILCS 5/2-1401 (West 2000)), which met a similar fate. *People v. Hawthorne*, No. 2-01-0161 (2002) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 5    On February 16, 2017, defendant filed a 'MOTION TO TERMINATE AND MODIFY A VOID SENTENCE AS APPLIED BY STATUTE." Defendant purportedly invoked Illinois Supreme Court Rule 615(a), (b)(4) (eff. Jan. 1, 1967). He argued that the mandatory supervised release term added to his prison sentence resulted from the legislature impermissibly imposing an additional three-year sentence onto his judicially imposed prison term.

¶ 6    When the case was called, the court stated that defendant had filed "what is entitled a Post-Conviction Petition." Noting that defendant had filed a previous postconviction petition and had not attempted to establish cause or prejudice for the filing of a second one, the court dismissed the pleading. Defendant timely appeals.

¶ 7                                    II. ANALYSIS

¶ 8    Defendant contends that the trial court erred by recharacterizing his motion as a successive postconviction petition without providing defendant the notice and warnings required by *Pearson.* The State responds that defendant's pleading was a freestanding motion that did not invoke the trial court's jurisdiction and, accordingly, the court should have simply dismissed it for lack of jurisdiction. The State alternatively contends that, to the extent that the court properly exercised its discretion to recharacterize the motion, *Pearson* does not apply because notice and warnings are required only where a pleading invokes a cognizable remedy.

¶ 9    In *People v. Shellstrom*, 216 Ill. 2d 45 (2005), the trial court recharacterized the defendant's petition for *mandamus* as a postconviction petition and summarily dismissed it. Our supreme court held that the recharacterization was proper. However, exercising its supervisory authority over the State courts, the court held that in the future:

"when a circuit court is recharacterizing as a first postconviction petition a pleading that a *pro se* litigant has labeled as a different action cognizable under Illinois law, the circuit court must (1) notify the *pro se* litigant that the court intends to recharacterize the pleading (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has." *Id.* at 57.

¶ 10   In the companion case of *Pearson*, the defendant had already filed a postconviction petition. The trial court recharacterized a pleading that the defendant labeled as a section 2-1401 petition as a successive postconviction petition and dismissed it. The court held that *Shellstrom* applies in such a situation, so that, "prior to recharacterizing as a successive postconviction petition

a pleading that a *pro se* litigant has labeled as a different action cognizable under Illinois law," the court must:

> "(1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that the petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the factors and arguments appropriate to a successive postconviction petition that the litigant believes he or she has." *Pearson*, 216 Ill. 2d at 68).

¶ 11    As the State points out, both *Shellstrom* and *Pearson* are expressly limited to cases in which a trial court seeks to recharacterize a pleading "labeled as a different action cognizable under Illinois law." *Shellstrom*, 216 Ill. 2d at 57; *Pearson*, 216 Ill. 2d at 68.  Here, defendant's motion invoked only Rule 615.  As defendant concedes in his appellate brief, Rule 615 does not create a separate remedy; it only specifies the powers of a reviewing court in a case properly before it.  Ill. S. Ct. R. 615 (eff. Jan. 1, 1967).  Thus, defendant's motion did not invoke an "action cognizable under Illinois law."  Therefore, *Pearson* does not apply.

¶ 12    Defendant's characterization of his sentence as void does not change our view of the court's recharacterization of his pleading.  Generally, a void judgment may be attacked at any time. *People v. Flowers*, 208 Ill. 2d 291, 308 (2003).  However, "the issue of voidness must be raised in the context of a proceeding that is properly pending in the courts." *Id.*  In *People v. Helgesen*, 347 Ill. App. 3d 672 (2003), the defendant filed a " 'Motion to Vacate Void Judgment.' " *Id.* at 673. We held that, under *Flowers*, the defendant's "freestanding motion" did not invoke the trial court's jurisdiction.  *Id.* at 675.  Therefore, in order to consider it at all, the court had to construe the motion as a pleading initiating some type of collateral proceeding. *Id.*  We held that the court did

not err in construing the motion as a postconviction petition. *Id.* at 676. Here, also, the trial court recharacterized defendant's pleading as a postconviction petition. However, the requirements of *Pearson* did not apply because defendant's pleading did not commence an action "cognizable under Illinois law."

¶ 13 As defendant's motion, as labeled, did not commence an action "cognizable under Illinois law," the trial court was not required to provide the warnings prescribed by *Pearson* before recharacterizing and dismissing it. Further, as defendant does not argue that the court erred substantively by dismissing the petition, we affirm the dismissal.

¶ 14                                    III. CONCLUSION

¶ 15 For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 16 Affirmed.